# The Berg Company, Appellant, *v.* Thomas & Son Company.

*Contracts—Sales—Option—Construction—Intention.*

Where a contract provided for the purchase of from 700 to 1,000 tons of acid phosphate at buyer's option, quantity to be declared August 15, 1915, the vendor was not required to ship more than 700 tons unless the buyer exercised his right to demand 1,000 tons prior to August 15, 1915, and his failure to make such demand previous to August 18, 1915, discharged the seller of any duty to ship more than 700 tons.

Argued, Jan. 19, 1917. Appeal, No. 252, Jan. T., 1916, by plaintiff, from order of C. P. No. 5, Philadelphia Co., Dec. T., 1915, No. 2818, discharging rule for judgment for want of a sufficient affidavit of defense in case of The Berg Company v. I. P. Thomas & Son Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Assumpsit on a contract for the sale of personal property.

Rule for judgment for want of a sufficient affidavit of defense.

The contract upon which the action was brought was, in part, as follows:

Philadelphia, Pa., May 19, 1915.

I. P. Thomas & Son Company, Philadelphia, Pa., have sold and The Berg Company, Philadelphia, Pa., have bought

From seven-hundred to one-thousand tons (700-to-1,000) Acid-Phosphate, at buyer's option, quantity to be declared Aug.—15th, 1915, guaranteed to contain fourteen per cent. (14%) available-phosphoric-acid, pro rate reduction to be made if goods test below fourteen per cent. (14%) available-phosphoric-acid, but no extra charge to be made if goods test over 14%-available-phos-

phoric-acid.   The Acid-Phosphate to be in good mechanical condition, milled and screened.

On August 16th the Berg Company wrote I. P. Thomas & Son Co. a letter naming 1,000 tons as the quantity and asking I. P. Thomas & Son Co. to acknowledge receipt of the letter.   This letter was not mailed until August 17th, and was not received by I. P. Thomas & Son Co. until August 18th.   I. P. Thomas & Son Co. sent no answer to it and did not acknowledge its receipt.

The Berg Company thereupon sent various orders for phosphate under the contract which were filled by I. P. Thomas & Son Co.   After 545 tons had thus been delivered I. P. Thomas & Son Co. on November 3, 1915, notified the Berg Company that it would not deliver more than the minimum quantity (700 tons) mentioned in the contract.   The price of phosphate had in the meantime risen in the market and the Berg Company having demanded the whole 1,000 tons, brought suit to recover $1,575, the loss it suffered by reason of the I. P. Thomas & Son Co.'s refusal to deliver the remaining 300 tons.

In discharging the rule for judgment, the court, per STAAKE, J., filed the following opinion:

"The statement of claim alleges a sale of 700 to 1,000 tons acid phosphate at buyers' option, quantity to be declared August 15, 1915.

"This was a sale of 700 tons, with an option permitting plaintiff to demand delivery of an additional 250 tons or any part thereof.   It was to be acted upon August 15th, or as that day fell upon a Sunday, the 16th at the outside. It was not exercised on either date, and the right ended.

"The letter written by plaintiff dated August 16th, it is averred in the affidavit of defense, was not deposited in the mail until August 18th.   The option having expired, this letter was in the nature of a new offer.   It was not accepted by defendants, and their silence did not make a new contract or prevent the expiration of the option."

The court discharged the rule.   Plaintiff appealed.

Assignment of Error—Opinion of the Court. [256 Pa.

*Error assigned* was in discharging the rule.

*Frank P. Prichard,* with him *John G. Johnson,* for appellant.

*James Collins Jones,* for appellee.

PER CURIAM, February 26, 1917:

This appeal is dismissed on the concise and clear opinion of the learned court below discharging the rule for judgment.