# Baum's Estate.

*Wills—After-born child—Dispute as to date of will—Probate— Distribution—Jurisdiction of orphans' court to determine date.*

1. Where a will bearing a date prior to the birth of a son, and giving testator's whole estate to his wife, has been duly admitted to probate, and it is claimed by the widow that the date was a mistake, and that the will was executed after the birth of the son, the orphans' court has jurisdiction, in distributing the estate, to determine the true date of the will.

Baum's Estate, 260 Pa. 33, explained.

2. If the will bears a clear date, inserted by testator himself, the presumption that it is correct can be overcome only by clear, precise and indubitable evidence of mistake. In the absence of such evidence, the will must stand as probated.

*Wills—Gift of entire estate to wife—After-born child—Parol republication in favor of wife.*

3. Where a testator has given his entire estate to his wife, and thereafter a son is born, reducing thereby the wife's interest, he cannot by parol restore to his wife his testamentary provision for her, which had been taken away from her by operation of law.

4. The moment the son was born to testator, the law added a codicil to his will, which could only be changed by a new testamentary provision, which, under the Wills Act, would have to be in writing.

Argued October 13, 1920. Appeal, No. 107, Oct. T., 1920, by Eugenia R. Baum, widow, from decree of O. C. Allegheny Co., Oct. T., 1918, No. 4, dismissing exceptions to adjudication in estate of Richard B. Baum, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication.

The opinion of the Supreme Court states the case.

The court, in an opinion by SHAFER, P. J., specially presiding, dismissed exceptions to adjudication: See 29 Pa. Dist. R. 449; 68 Pitts. L. J. 145. Eugenia R. Baum, widow, appealed.

*Error assigned* was decree, quoting it.

*Thomas M. Marshall, Jr.,* with him *Thomas M. Marshall,* for appellant.—The orphans' court has jurisdiction to correct the date of the will upon parol evidence at the audit and distribution. A will may be republished by parol evidence: May's Est., 61 Pitts. L. J. 36; Jones v. Hartley, 2 Wh. 103; Havard v. Davis, 2 Bin. 406; Wallace v. Blair, 1 Grant 75; Scott's Est., 147 Pa. 89; Kerchner's Est., 41 Pa. Superior Ct. 112; Forquer's Est., 216 Pa. 331; Gandy v. Weckerly, 220 Pa. 285.

*Gifford K. Wright,* of *Alter, Wright & Barron,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, December 31, 1920:

Richard B. Baum died January 17, 1916, leaving a will written by himself and dated August 2, 1911. By it he gave his entire estate to his wife, Eugenia R. Baum, and it was admitted to probate February 4, 1916. On January 15, 1912—more than four months after the date of the will, as it appeared therein—a son, Richard R., was born to the testator, and on April 5, 1916, his widow appealed to the court below from the decree of the register admitting the will to probate, on the ground that, though the instrument, on its face, purported to have been executed August 2, 1911, it had been actually executed August 2, 1912—more than six months after the birth of their son—and her prayer was that it be admitted to probate anew as of that date. Her petition was grant-

ed, and the effect of the decree was to make the will operative as to the after-born child. On appeal to this court the decree was reversed, for the reason that the court below was without jurisdiction to determine the date of the execution of the will on an appeal from the decree of the register admitting it to probate and to order that officer to admit it anew to probate as of a different date of execution: Baum's Est., 260 Pa. 33. This is all that was there decided. The effect of a will under the statute, with its actual date admitted or established, is at all times for the court in which that question may arise at the proper time: Owens v. Haines, 199 Pa. 137. The effect of the will of the testator in the case before us was the only important question for the court below in distributing the balance in the hands of his executrix, for if the will was executed prior to the birth of the son, he was entitled to two-thirds of that balance: Act of April 8, 1833, P. L. 249, sec. 15; if it was not executed until after the son's birth, his mother takes the entire estate.

The will under which the appellant claims all of her husband's estate was properly admitted to probate as a testamentary disposition of it: Baum's Est., supra; but whether effect can be given to that disposition concededly depends upon the actual date of the execution of the will, and, in distributing the balance in the hands of the accountant, that date was the vital question before the court below. That it had jurisdiction to pass upon that question cannot be doubted. It could not make distribution until it was known whether the son was born prior to or after the execution of the will, and it had, therefore, jurisdiction to determine that fact, as well as all others essential and necessary to be known in the distribution of the decedent's estate. If the will had been undated, it would not have been invalid for that reason, and in what other forum than the court below could the date of the execution have been determined? But while its jurisdiction is not to be questioned, it had before it a writing bearing a clear date, inserted by the

testator himself, and the presumption that this was correct could be overcome only by clear, precise and indubitable evidence of mistake. If this be the rule, as it is, applicable to the reformation of written instruments on the ground of mistake, it can apply to none with more force than to a will—the most solemn instrument to be executed by man or woman.

Two of the three judges composing the court below —one of them being the learned president judge of the court of common pleas, specially presiding—found, after considering all the testimony submitted by the widow of the testator, that it had not been shown that the date as fixed in his will was a mistake, and, on her appeal to this court, one of her complaints is of that finding. We have given the same consideration to what is said in the dissenting opinion of the learned third member of the court, as to the finding by the majority, that we have given to their views, and are not convinced that their conclusion was not warranted under all the testimony submitted. The first complaint of the appellant is, therefore, dismissed.

With the date of the execution of the will found to be August 2, 1911, the remaining question is, Did it, after the birth of the son, by what the appellant claims was a republication of it by her husband, continue to be his will, giving her all he possessed? The real question before us is, not whether there can be a republication of a will by parol—and we do not, therefore, deem it necessary to pass upon that question—but is, Could Baum, the testator, by parol, restore to his wife his testamentary provision for her, which had been taken from her by operation of law?

The moment the son was born to the testator the law added a codicil to his will, declaring that, upon his death, there should pass to the son two-thirds of his personal property and all of his real estate, subject to the widow's statutory dower. The paper signed by the testator on August 2, 1911, was no longer his will, but only a part

of it.   What he had given his wife by that paper had been
taken from her by the birth of the son, and if the testator
could have republished his will by parol, it must have
been the will in existence at the time of the alleged re-
publication.   As just noted, the will at that time was not
the will executed in 1911, but a radically different one,
made so by the statute, and the republication of it by
parol would have been the making of a new will by parol.
The testamentary provision for the wife in the will of
1911, once gone, could be restored to her only by a new
testamentary provision, which, under the Wills Act,
would have to be in writing.   If the contention of the ap-
pellant should be sustained, that which was not a will at
the time of the alleged republication of it would have be-
come one by parol.   To this no answer can be made, and
we need pursue the subject no further, except to say
that Campbell v. Jamison, 8 Pa. 498, is to be regarded
as conclusive that the testator in the case under consider-
ation could not by parol republish a testamentary pro-
vision that had lapsed.   In that case the testator devised
certain real estate to his wife, "her heirs and assigns for-
ever."   She died before him, and subsequently, by parol
declarations, in the presence of two witnesses, he at-
tempted to republish his will.   After his death the heirs
of his wife brought ejectment against his heirs for the
land he had devised to her.   Judgment was entered for
the defendants, and in affirming it this court said:
"There is nothing in the Act of 1833 to interdict such re-
publication by parol; but it must have the same legal op-
eration at the time of such republication, as when it was
made.   If, by a change of circumstances, the act of repub-
lication makes a difference in the disposition of the es-
tate, it becomes so far void; because then it would in
effect be allowing a disposition of the estate by parol."
At the time of Baum's alleged republication of his will
his wife if living could have taken but one-third of his
personal estate and a dower interest in his realty; the
alleged republication sought to give her all he had.   This

is not permissible, because "it would in effect be allow
ing a disposition of the estate by parol."

None of our cases cited by learned counsel for appellant sustain her contention that she takes all of her
husband's estate under a republication of the will which
gave it to her. In the cases upon which they rely the republication was of valid and operative wills, unchanged
by any change of circumstances. In Scott's Est., 147 Pa.
89, the only question was whether a certain paper signed
by the decedent was his will, and parol evidence was admitted to show that he intended it to be such; and in
Forquer's Est., 216 Pa. 331, the other principal case relied upon by appellant, a will, executed by a testator in
anticipation of a journey, was declared by him, after
returning home, to be still his will.

The learned court below correctly held that there was
no republication of a will by the decedent for the reason
we have given, and it did not err in further holding that,
even if there could have been such a republication, there
was not sufficient evidence to support it.

The assignments of error are dismissed and the decree
below is affirmed at the costs of the appellant.