# Baum's Estate.

*Contract—Offer—Acceptance—Silence—Counsel fees.*

1. To be a contract, an offer must be accepted. An offeree has a right to make no reply to offers, and his silence and inaction cannot be construed as an assent to the offer.

2. Where parties enter into an oral agreement with a firm of attorneys that their fees shall be an amount stated in case of failure of the suit, and thereafter a letter is addressed to the attorneys

stating that the fee shall be the amount stated whether the suit is won or lost, to which the attorneys make no reply, and the court finds they knew nothing of the contents of the letter, the attorneys are not bound by such letter, if they win the suit.

Argued February 15, 1922. Appeal, No. 13, Oct. T., 1922, by Eugenie K. R. Baum, from decree of O. C. Allegheny Co., March T., 1916, No. 283, dismissing exceptions to adjudication, in estate of Richard R. Baum, a minor. Before Moschzisker, C. J., Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Exceptions to adjudication. Before Trimble, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed. Eugenie K. R. Baum appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Roland A. McCrady,* with him *Blythe S. Weddell,* for appellant.

*David A. Reed,* for appellee.

Opinion by Mr. Justice Kephart, March 20, 1922:

Three appeals have been taken to this court in this estate. The first and second relate to the person entitled to receive the estate, the present one to the successful litigant's counsel fees. The person contesting the fee is the losing party in that litigation—the mother of the minor child. As a result of counsels' efforts the minor child receives an estate of $80,000, taken from his mother who claimed the whole estate,—hence her interest in keeping down counsel fees. See Baum's Est., 260 Pa. 33 and 269 Pa. 63.

It is admitted the fee allowed is in every sense a reasonable one. The only question is whether appellee's counsel were limited as to the amount by a letter received from the mother, or if there was a binding agreement that, in case the minor was successful, the fee was to be

$1,000. A guardian (the Fidelity Title & Trust Co., appellee) had been appointed for the express purpose of looking after the minor's interests, and it was the one with whom an agreement as to counsel fees should have been made; it could not perform those duties without the aid of counsel, and, if the mother was successful, the question arose who should pay the guardian's counsel fees, the minor having no estate. Appellee then contended the estate would be liable, no matter how the litigation terminated, but, to settle the matter, a conference was had with counsel for the widow. It is clear either their minds met upon an agreement for a fee of $1,000 in event of failure, or there was no agreement. The former would seem to be the logical result of such conversation, for, if the minor was successful, the estate would have been required to pay the fee, without any agreement. It was understood that a letter was to follow this meeting. The letter was received from the mother, not the counsel. It was filed away by one of the members of the firm of appellee's lawyers, evidently considering it confirmatory of the prior oral understanding.

The letter, however, went farther, and stated if the minor won or lost the fee was to be $1,000; this of course was not the agreement, and, if it was intended thereby to change the prior agreement between counsel, or to embarrass the guardian's counsel in prosecuting the minor's interest, it was ineffectual. The letter evidencing the contract being in excess of that originally made, could not destroy the contract, and has no effect, since appellee declined to recognize it. The court below found the guardian's counsel knew nothing of the contents of the letter. If it is construed as an offer by Mrs. Baum, relating to counsel fees, she did not receive any reply to it. To be a contract, the offer must be accepted. An offeree has a right to make no reply to offers, and his silence and inaction cannot be construed as an assent to the offer: 1 Williston on Contracts, section 91 (ed. 1920); Royal Insurance Co. v. Beatty, 119 Pa. 6, 9;

Berg Co. v. Thomas & Son Co., 256 Pa. 584, 585. In whatever light it may be viewed, there is no agreement limiting the fee in case counsel for the minor were successful.

The service performed for the minor produced a very large estate. The court below found the amount of the fee claimed, $5,000, was reasonable. We approve this finding.

The decree of the court below is affirmed, at the cost of appellant.