### Armstrong's Estate.

*Wills—Parol evidence to vary date, when clear, precise and indubitable.*

1. Evidence is admissible to show that the will was executed on a date other than the date it bears, but, in such case, to be effective, such evidence must be clear, precise and indubitable.

*Ademption of real estate specifically devised.*

2. Where all the real estate specifically devised has been sold after the execution of the will, the sale works an ademption.

Exceptions to adjudication.   O. C. Phila. Co., April T., 1926, No. 1337.

*Frysinger Evans*, for exceptions;   *Charles J. Sharkey*, contra.

HENDERSON, J., Nov. 20, 1926.—The testator by his will devised two properties to his daughter, the child of a divorced wife, gave a life estate in three other properties to his second wife, with remainder in fee to his daughter, and gave his residuary estate to his wife.

The will is dated July 24, 1919; previous to that date and after that day in 1918 he had sold three of the properties, and later the other two. As to those sold after the making of the will, it is conceded that an ademption was worked.

Under the authority of Baum's Estate, 269 Pa. 63, evidence was received to show that the date in the will was an error and that it was executed on July 24, 1918; and the only question to be decided is as to whether the evidence offered was, in the language of Chief Justice Brown, clear, precise and indubitable.

The testator's estate consisted originally nearly entirely of realty. The will was drawn in the office of Mr. Waller, his real estate agent, who was also one of his executors. Either Mr. Waller or his assistant drew the will, the year 1919 being typewritten, the month and day being filled in by Fay, Waller's assistant. All the properties were sold through Mr. Waller. When the will was drafted—be it 1918 or 1919—Messrs. Waller and Fay knew whether he then owned what he devised. While it is not clear as to whether Waller or Fay drafted the will, it was one or the other, and Fay was a subscribing witness. It was testified that none of the properties were sold when the will was executed. This points clearly to the year being 1918.

Waller's account books showed a charge of $5 against the testator for drawing a will on July 23, 1918, the day before its execution; and an item against his interest, under the same date, for the receipt of this sum. We are of opinion that this proof can be called precise and indubitable.

The true date of execution being July 24, 1918, and all of the real estate specifically devised having been sold after execution, an ademption has been worked and the Auditing Judge was right in awarding all the personalty to the residuary legatee.

The exceptions are dismissed and the adjudication is confirmed absolutely.