**TAYLOR et al. v. MARTIN'S ESTATE et al.**
(No. 4266.)

Supreme Court of Texas. Feb. 22, 1928.

1. **Wills ⟜259—Will should not be denied probate during minority without marriage of testator's after-born child (Rev. St. 1925, art. 8293).**

Rev. St. 1925, art. 8293, does not require that will, executed when testator was childless, and not providing for, or mentioning, after-born child, should be denied probate until death of such child during minority, unmarried.

2. **Wills ⟜205—Probate of will according to statutes is condition precedent to its having effect (Rev. St. 1925, arts. 3326, 3329, 3330, 3339, 3348, 3351).**

It is condition precedent to will's ever having any effect that it be probated in accordance

with statutes, including Rev. St. 1925, arts. 3326, 3329, 3330, 3339, 3348, 3351.

3. **Wills ⟜219—That legatee's interest was contingent on death of testator's after-born son, unmarried, before majority, held not to prevent her probating will (Rev. St. 1925, arts. 3329, 8293).**

That interest of legatee was contingent, under Rev. St. 1925, art. 8293, on death of testator's son, born after execution of will, and not mentioned or provided for therein, unmarried, before attaining majority, did not prevent her from asking probate of will under article 3329.

4. **Descent and distribution ⟜47(3)—Law writes into will terms of statute protecting interest of testator's surviving child, born after its execution (Rev. St. 1925, art. 8293).**

Law writes into testator's will terms of Rev. St. 1925, art. 8293, protecting share of testator's surviving child, born after execution of will, and not mentioned or provided for therein.

5. **Wills ⟜259—Law contemplates that order for probate be applied for without too great delay (Rev. St. 1925, art. 3326).**

Rev. St. 1925, art. 3326, contemplates that order for probate of will be applied for without too great delay, while witnesses are likely to be alive and to have memory of what transpired at will's execution.

6. **Wills ⟜191—Birth of child after execution of will did not absolutely revoke will (Rev. St. 1925, art. 8293).**

Birth of testator's child after execution of will, not provided for or mentioned therein, did not, under Rev. St. 1925, art. 8293, absolutely revoke such will, and legatee, whose interest therein was contingent on such surviving child's dying unmarried before attaining majority, had right to have will probated.

7. **Wills ⟜248—In probate proceeding, probate court and district court held to have power to protect interest of testator's child born after execution of will (Rev. St. 1925, art. 8293).**

In proceeding by legatee and executrix to probate will, probate court and district court on appeal had power to give effect to Rev. St. 1925, art. 8293, protecting interest of testator's child, born after execution of will, and not provided for or mentioned therein, and who survived testator; correct view of such statute being that it relates to revocation of wills.

8. **Wills ⟜215—Court may adjudge, on contested application to probate will, extent to which entire will has been revoked by operation of law.**

Though proceedings to annul particular provision of will should not be joined with contest of will's probate, court can, in contested application to probate will, adjudge extent to which entire will has been revoked by operation of law on facts disclosed by application for probate and on contest.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. Wills ☞215—In proceeding for probate, court may determine whether will has been absolutely or contingently revoked.

In proceeding for probate of will, court may determine whether it has been absolutely or contingently revoked.

10. Wills ☞206—Court should probate will not wholly and absolutely revoked.

Court should probate will, if it has not been wholly and absolutely revoked.

11. Wills ☞215—Court has complete power to adjudge pro tanto revocation of will from intent and act of testator.

Court has complete power to adjudge pro tanto revocation of will arising from intent and act of testator.

12. Wills ☞215—Court has power to adjudge revocation of will by operation of law affecting every clause of will, although revocation is contingent.

Court has complete power to adjudge revocation of will arising by operation of law affecting every clause of will, although revocation is contingent instead of absolute.

13. Wills ☞215—Statutory rights of child born after will's execution should be protected in proceeding to probate will (Rev. St. 1925, art. 8293).

Child born to testator after execution of will, and not mentioned or provided for therein, and surviving testator, should not be required to institute and maintain separate suit subsequent to proceeding to probate will to enforce protection given by Rev. St. 1925, art. 8293, but such matter should be decided in proceeding to probate will.

14. Executors and administrators ☞27—Statute held to require probate court to adjudicate, after will's probate, whether letters testamentary shall issue (Rev. St. 1925, art. 3354).

Rev. St. 1925, art. 3354, expressly requires and empowers probate court to adjudicate, after probate of will, whether letters testamentary shall issue.

15. Executors and administrators ☞27—Statute protecting child born after execution of will held to forbid issuance of letters testamentary during child's life, although will is probated (Rev. St. 1925, art. 8293).

Provision of Rev. St. 1925, arts. 3354, 8293, that will executed prior to birth of testator's child, not mentioned or provided for therein, shall be inoperative during life of such after-born child, and shall be void, unless child dies during minority without having been married, expressly forbids issuance of letters testamentary on such will as long as such child lives, although will is probated.

16. Descent and distribution ☞47(3)—Statute protecting testator's child, born after execution of will, held to require estate to be administered and distributed as though testator had died intestate so long as child lives (Rev. St. 1925, art. 8293).

Rev. St. 1925, art. 8293, requires estate of testator to be administered and distributed by probate court as though testator had died intestate so long as child, born after execution of will, and not mentioned or provided for therein, lives, even if will is probated.

17. Appeal and error ☞1175(5)—Where facts are undisputed, Supreme Court, on reversing judgment appealed from, may render proper judgment.

Where facts requiring adjudication are without dispute, Supreme Court, on reversing judgment appealed from, may render proper judgment.

18. Wills ☞404—Where proponent succeeds on appeal in having will probated, but does not obtain letters testamentary, costs will be divided.

Where party asking probate of will and issuance of letters testamentary on appeal succeeded in having will probated, but not in having letters testamentary awarded, costs will be divided equally between proponent and contestants.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Proceeding by Moselete Martin Taylor and husband to probate the will of W. F. Martin, deceased. The Court of Civil Appeals (263 S. W. 1102) affirmed a judgment of the district court affirming a judgment denying probate, and the proponents bring error. Reversed and rendered.

J. D. Williamson, of St. Louis, Mo., and Allan V. McDonnell, of Waco, for plaintiffs in error.

Oxford & Johnson, of Stephenville, and Ritchie & Ranspot and E. B. Ritchie, all of Mineral Wells, for defendants in error.

GREENWOOD, J. The undisputed facts disclose that W. F. Martin and Willie I. Martin were married in 1904. On May 12, 1917, W. F. Martin executed a will in strict conformity to the law's requirements, whereby he bequeathed $85,000 to his sister, Moselete Martin Taylor. The will neither makes mention of, nor provides for, any child of the testator. The testator's wife and his sister, Moselete Martin Taylor, were named as executrices of the will. When the will was made, W. F. Martin had no child, but a son, still living, was born to him and his wife on May 21, 1919. W. F. Martin died on May 11, 1921. His sister, Moselete Martin Taylor, filed an application for the probate of the will of W. F. Martin, and for the issuance to her of letters as executrix. The application was contested in the county court by the widow, and, on appeal to the district court, by the widow and the son, on the ground that the testator had no child when the will was made, but that he left a child when he died, who was neither mentioned in the will nor provided for thereby.

The county court and the district court

refused to probate the will. The Court of Civil Appeals affirmed the judgment of the district court, concluding that the will could not be legally probated until the death, during minority and while unmarried, of the after-born child. 263 S. W. 1102.

After a writ of error was allowed, the case was referred to Section A of the Commission of Appeals. The commission recommended the reversal of the judgment of the Court of Civil Appeals and the rendition of judgment by the Supreme Court simply admitting the will to probate.

Having withdrawn the case from the commission, the Supreme Court is thus for the first time called upon to determine what effect should be given to the terms of article 8293, R. S., on an application for the probate of a will and for letters testamentary.

[1] Article 8293 provides:

"Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, or leave his wife enceinte of a child which shall be born, shall have no effect during the life of such after-born child, and shall be void, unless the child die without having been married and before he shall have attained the age of twenty-one years."

We cannot sustain the contention for the after-born child that the will be denied probate until the death of such child, unmarried, and under 21 years of age. Our statutes authorize any person interested in the testator's estate or the testamentary executor to apply for the probate of a will. Such probate is forbidden after the lapse of 4 years from the death of the testator, unless the party seeking to have the will probated proves he was not in default in failing to present the will within the 4 years. The will must be probated upon the court being satisfied from the evidence:

"(1) That the testator, at the time of executing the will, was at least 21 years of age, or was married, that he was of sound mind, and that he is dead.

"(2) That the court has jurisdiction of his estate.

"(3) That citation has been served and returned in the manner and for the length of time required by law.

"(4) That the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will.

"(5) That such will has not been revoked by the testator."

Articles 3339, 3326, 3329, 3330, 3348, and 3351, Revised Statutes of 1925.

[2, 3] It is a condition precedent to the will's ever having any effect that it be probated in accordance with the statutes. Page on Wills (2d Ed.) § 527. Not only is plaintiff in error Moselete Martin Taylor one of the testamentary executrices of the will offered

for probate, but she is bequeathed $85,000 under the will. It is true the bequest to plaintiff in error is made by the terms of article 8293 contingent on the death of the testator's son, before marriage, and before he arrives at the age of 21 years. The fact that the bequest is contingent does not deprive plaintiff in error of interest in the testator's estate.

[4] Plaintiff in error was therefore entitled to apply for the will's probate and for letters testamentary. Ryan v. T. & P. R. R. Co., 64 Tex. 239; Abrams v. Ross' Estate (Tex. Com. App.) 250 S. W. 1020. It is conceded that her application and proof met every requirement of our statutes for the complete grant of her application, save that both application and proof showed the birth of the testator's son after the date of the will, and showed that the son was alive, and showed that the will made no provision for, and contained no mention of, the son. If article 8293 declared that the birth of a child subsequent to the execution of a parent's will, which made no provision for, or mention of, the child, should absolutely revoke such will, the judgments of the Court of Civil Appeals and of the courts below would be correct. Matter of Gall, 5 Dem. Sur. (N. Y.) 374. Instead of the statute entirely revoking the will, the statute makes the will pass to plaintiff in error a contingent estate. No one could question the right of plaintiff in error to probate this will, if it had made bequests to her and to others to take effect in the event an after-born child surviving the testator should die without having been married, and without having reached the age of 21 years, and if it devised the balance of the testator's estate to those who, had he died intestate, would have been his heirs at law, including his after-born child. Plaintiff in error's right is equally clear when derived from the terms of article 8293, as applied to the very instrument written by the testator. The law wrote into the testator's will the terms of the statute. Wood v. Tredway, 111 Va. 526, 69 S. E. 445; Baum's Estate, 269 Pa. 66, 112 A. 141.

[5, 6] The law contemplates and requires that the order of probate be applied for without too great delay, while the witnesses are likely to be alive and to have memory of what transpired at the will's execution. Since the will has not been wholly revoked, and since it may invest plaintiff in error with a right worth $85,000, there is no sufficient reason for refusing the will's probate.

[7, 8] However, we cannot sustain the contention of plaintiff in error that the probate court, or the district court on appeal, was without power, in the proceeding to probate the will and to procure letters testamentary, to give effect to the terms of article 8293, enacted especially for the protection and benefit of the after-born child. Though it be

true that proceedings to annul particular provisions of a will should not be joined with a contest of the will's probate, as held in Prather v. McClelland, 76 Tex. 584, 13 S. W. 543, it does not follow that the court cannot adjudge, on a contested application to probate a will, the extent to which the entire will has been revoked by operation of law, on facts disclosed by the application for probate and on the contest.

The correct view of article 8293 is that it does deal with the revocation of wills. At both the civil and the common law certain changes in a testator's domestic status operated to revoke his will. McCullum v. McKenzie, 26 Iowa, 513. Alexander states:

"The general rule that the birth of a child after the making of a will acts as a revocation of it would seem to be a part of the common law of America, independent of statutes." 1 Alexander's Commentaries on the Law of Wills, p. 734, § 539.

[9-12] We first find the precise language of our present article 8293 in section 3 of the "act concerning wills" of the republic of Texas, approved January 28, 1840. 2 Gammel's Law, 342. The whole section dealt with nothing else than what rendered devises and clauses in wills revocable by intent and act of the testator and by operation of law. Birth of an unmentioned, unprovided for child to a testator having no living child when the will is made, under the act of 1840, embodied in article 8293, revokes the will, unless the saving contingency arises that the after-born child die under 21 years of age, not having married. Walker v. Hall, 34 Pa. 483; Alburger's Estate (No. 1) 274 Pa. 13, 117 A. 450; Gillespie v. Truka, 104 Neb. 115, 175 N. W. 884. In a proceeding for the probate of a will, the court is empowered to determine whether the will has been absolutely or contingently revoked. The court should probate the will if it has not been wholly and absolutely revoked. Just as the court has complete power to adjudge a pro tanto revocation which arises from the intent and act of the testator, so it has complete power to adjudge a revocation arising by operation of law, which effects every clause of the will, although the revocation be contingent instead of absolute.

[13] The Legislature has declared its determination that the subsequent birth of a child imposes such new moral obligations on a parent that a revocation of the whole of a will made by the parent when he had no child living is conclusively implied, subject to the condition that the will may be regarded as still manifesting the intent of the testa-

tor with respect to the disposition of his estate, in the event that the child dies under 21 years of age and before his marriage. The after-born child should not be required to institute and maintain a separate subsequent suit, when the essential purpose of the proceeding to probate the will is to establish and place on the public records that which is the testator's ultimate will—not only as evidenced by the terms of a writing signed by him, but by the terms both of that writing and the governing law.

[14, 15] Article 3354 of the Revised Statutes makes it the duty of the probate court, after a will has been probated, to grant letters testamentary to the executors appointed by the will, if permitted by law. Hence the statute expressly requires and empowers the court to adjudicate, after the probate of the will, whether letters testamentary shall issue. The issuance of letters testamentary on the will of W. F. Martin is expressly forbidden by the directions of article 8293: First, that the will be inoperative during the life of his after-born child; and, second, that the will shall be void, unless the child shall die without having been married, and before attaining the age of 21 years.

[16] The necessary effect of the plain language of article 8293 is to require that the estate of W. F. Martin be administered and distributed by the probate court as though W. F. Martin had died intestate, so long as his son shall live. Therefore, as long as the son is alive, no letters testamentary can be lawfully issued on plaintiff in error's application.

[17, 18] Since the facts requiring the adjudication appear without dispute, it is ordered that the judgments of the district court and of the Court of Civil Appeals be reversed, and that judgment be here rendered admitting to probate the instrument presented as the last will and testament of W. F. Martin, and decreeing that said instrument be ineffective and inoperative during the life of the son of the said W. F. Martin, and be null and void, unless said son shall die without having been married, and without having attained the age of 21 years. The judgment will further direct that the application of plaintiff in error for letters testamentary be denied, and that all costs in all courts be taxed, one-half against the proponent of the will and one-half against the contestants.

The judgment of the Supreme Court will be certified to the district court, with directions to that court to cause same to be certified to the county probate court, as required by law.