Stiles's Estate.

*John M. Dervin,* for Henrietta G. Truitt.

*Roper & Caldwell,* for estate of Frank P. Martin.

*Edward S. Lower, Jr.,* contra.

GEST, J., April 17, 1931.—The testator by his will devised a portion of his estate in trust for his daughter, Caroline, for her life, and after her death devised the same "to her five children by her second marriage with Theodore G. Goekeler, viz.: Harry Godfrey Goekeler, Mary Louisa Goekeler, Edward Stiles Goekeler, Caroline Stiles Goekeler and Bessie Goekeler, in equal portions, share and share alike and the survivors and survivor of them for the education, maintenance and support of such child or children of my said daughter by her second marriage until such child or children will have arrived at the age of twenty-one years, and when said child, if there should be but one, or said children, if there should be more than one, will have attained said age, respectively, then I give, devise and bequeath all that portion or share of my said real estate to the child or children of my said daughter by her second marriage, in fee simple, and the personal estate absolutely, share and share alike and the survivors and survivor of them."

The will was made on April 26, 1883, and the testator died on January 3, 1885. In the meantime, his daughter, Caroline, had another child, Henrietta, born June 12, 1883, and Caroline having died in 1930, the estate became distributable. Henrietta claims to be entitled, her first ground being that the will was revoked as to her by her subsequent birth. This claim is fully refuted by the decision of the Supreme Court in Alburger's Estate, 274 Pa. 10, and needs no further discussion. It is, however, urged that Henrietta is entitled as a member of the class composed of Caroline's children. The Auditing Judge, however, correctly ruled that this was in no sense a class legacy, but a legacy vested in certain persons by name, and the learned counsel for Henrietta has referred to no cases which hold the contrary, nor have we been able to discover any.

The testator has, himself, here specified the exact number of persons whom he wished to benefit. He mentions them *nominatim*, and by using the abbreviation *"viz.,"* which means "that is to say," removes any doubt of his intention: Hull's Estate, 21 Beav. 314. In Glanville *v.* Glanville, 33 Beav. 302, the testator bequeathed a legacy "to my four nephews and niece, namely, Robert, Richard, Francis and Margaret." Another nephew, Thomas, was omitted in the description of the legatees, and was held to be excluded from participation.

The learned counsel for Henrietta, however, argued that the gift after majority of the children is made generally to the child or children of Caroline, share and share alike, indicating that the testator intended to include all the children of Caroline and failed to mention Henrietta because she was not then born. The Auditing Judge, however, correctly rejected this argument, saying that the entire clause relates to the five children and to no others, and that when the testator in the latter part of the paragraph speaks of the child or children of his daughter, he necessarily refers to the child or children specifically named in the earlier part of the same paragraph.

It is needless to conjecture why the testator wrote his will as he did, and we cannot rewrite the will so as to include in its provisions the grandchild whom the testator ignored. He might have changed his will so as to include her, for he lived for over a year after Henrietta's birth, but he did not.

The exceptions of Henrietta G. Truitt are dismissed.

The questions raised by the exceptions of the administrator of Frank P. Martin do not merit discussion, as the Auditing Judge was clearly right.

All exceptions are dismissed and the adjudication is confirmed absolutely.