## Erney Estate

*William W. Hafer*, for heirs.

*Martin B. Ebbert*, for administrator c. t. a.

GROSS, P. J., May 16, 1953.—The first and final account of Jacob A. Erney, administrator c. t. a. of the estate of L. E. Erney, and as otherwise named in the caption hereof, was filed in the Office of the Register of Wills of York County, Pa., on September 29, 1952; and, after due and legal advertisement, was presented to this court for audit and confirmation on

November 5, 1952. The audit was continued from time to time for the purpose of taking testimony, and finally closed on May 4, 1953.

Decedent died March 4, 1952, unmarried and without issue, leaving a holographic last will and testament (undated on its face when probated), which was duly admitted to probate in the Office of the Register of Wills of York County, on March 22, 1952, and is found recorded in Will Book 4-I, page 330.

The following is a verbatim copy of the will:

"In case of death I wish that the person who gets a hold of this paper will please see that the Hoffman Orphanage of Littlestown, Penna. will get all the money I have in the York Co. National Bank
L. E. Erney"

At the audit the next of kin of decedent, consisting of nephews and nieces, appeared by their counsel, William W. Hafer, and objected to the validity of the will of decedent on the theory that the will as probated, being undated, does not appear to have been executed by decedent in accordance with section 7(I) of the Wills Act of April 24, 1947, P. L. 89, relating to religious and charitable devises and bequests, which section of the said act reads as follows:

"Any bequests or devise for religious or charitable purposes included in a will or codicil executed within thirty days of the death of the testator shall be invalid unless all who would benefit by its invalidity agree that it shall be valid. The thirty-day period shall be so computed as to include the day on which the will or codicil is written and to exclude the day of death."

It is admitted that the correct name of the Hoffman Orphanage is George W. and Agnes Hoffman Orphanage, and it is also admitted that the balance on the account consists entirely of moneys which decedent had on deposit in the York County National Bank at his death.

We do not find any appellate court decision in this State which fully and completely answers this question. The late Judge Waite of the Orphans' Court of Erie County, in Henlein's Estate, 46 D. & C. 47 (1942), held, and we think properly so, as follows:

"When a will or codicil is undated there is no presumption either for or against its having been executed within 30 days of decedent's death, and in such case, in order to sustain a charitable bequest under section 6 of the Wills Act of June 7, 1917, P. L. 403, the beneficiary must affirmatively prove by the weight of competent evidence that the will or codicil was actually executed more than 30 days prior to testator's death." (Syllabus)

The same principle is applicable to section 7(I) of the Wills Act of 1947, above quoted.

Other citations which throw some light on the question are as follows: Baum's Estate, 260 Pa. 33, 269 Pa. 63, and May's Estate, 24 Erie 74.

We think it proper to add that this question is one of distribution and not of probate. Hence, the question is properly raised at the audit rather than by appeal from the register: Hickman's Estate, 308 Pa. 230.

For the purpose of proving that decedent's will was in fact executed by him more than 30 days prior to his death, the orphanage called (Mary) Pauline Hendrickson, a cousin of decedent, as a witness. This witness testified that she had been living in the same house with decedent for a number of years and was in the house on the day of his death; and shortly after the undertaker had removed his body from the house a search was made of his room, in which he died, by Catherine Erney, the wife of Jacob A. Erney, the accountant, who found the probated will and showed it to the witness. The witness read this will carefully and then and there observed that, at the top of the

paper on which it was written there appeared a date showing the month, day and year. The witness could not remember the day and was not sure about the month, although she believed it was February, but was positive that the year was 1950. The witness did not have the will in her hands, but was close enough to see it and read it.

The will was left in the possession of Catherine Erney, who later that evening turned it over to her husband, Jacob A. Erney, the accountant, who subsequently delivered it to counsel for the accountant and it was then probated. At the time of probate, no date appeared on the instrument.

The witness gave her reasons for being interested in knowing whether decedent left a will or whether he did not, because he had told her that a certain individual was not to have any part of his estate, and this witness had on several occasions asked decedent whether he had made a will and on each occasion he said he had just not gotten to it, or words to that effect.

Catherine Erney was called as a witness and she, in effect, did not flatly contradict Miss Hendrickson. Mrs. Erney did say that she had no recollection of having seen a date on the will. Her husband, Jacob A. Erney, the accountant, was also called and he corroborated his wife, Catherine Erney. Both of them testified emphatically that they did not remove any date from the will.

We think it only fair to say at this time that no imputation could possibly be made against the counsel who caused the will to be probated. We know of his integrity too long to have any circumstances of this kind impute any wrong doing on his part.

Miss Hendrickson testified freely and without any hesitancy or equivocation and did not seem to have any doubt in her mind whatsoever that this will was dated in 1950. Her demeanor on the witness stand

added credibility and weight to what she said. Although she has a claim of a substantial amount against this estate, as will hereinafter appear, to which the orphanage made no specific objection and to which the next of kin of this decedent object, we are not convinced that this circumstance induced her to testify to anything else than what she believed to be the truth.

Without further discussion of the evidence, we are of the opinion that the testimony of Pauline Hendrickson satisfies the burden of proof on the part of the orphanage that the will of decedent was executed more than 30 days before his death, is a valid will and that the bequest to the orphanage is a valid bequest. . . .

### Decree

And now, to wit, May 16, 1953, it is hereby ordered, adjudged and decreed that the first and final account of Jacob A. Erney, administrator c. t. a. of the estate of L. E. Erney, and as otherwise named in the caption hereof, is confirmed absolutely; and it is further ordered, adjudged and decreed that the accountant pay the distributions to the persons entitled to receive the same as set forth in the foregoing schedule of distribution.

This decree is entered nisi and, in the absence of exceptions filed thereto within 10 days from the date hereof, the same shall become final, as of course.