BELLE AULT GILLESPIE, APPELLANT, v. JULIA AULT TRUKA, APPELLEE.

FILED DECEMBER 26, 1919.  No. 20603.

1. **Wills: REVOCATION: UNBORN ISSUE.** A will, not providing for nor showing an intention not to provide for a child subsequently to be born, is revoked *pro tanto* by the subsequent birth of the child.

2. ————: UNBORN ISSUE. Where a testator devises all of his property to his wife, making no mention in his will of his unborn child, the instrument does not, on its face, manifest an intention that such child shall not be provided for.

3. **Descent and Distribution: HEIRSHIP: PROOF.** "Proof of heirship is not confined to the records of the probate court alone, but may be established by the testimony of any one who knows the facts constituting such relation." *Jetter v. Lyon*, 70 Neb. 429.

4. ————: QUIETING TITLE. An action to quiet title is an appropriate remedy for the determination of title to land, as between a posthumous child, claiming as heir at law, and one in possession, having a life estate in the land and asserting ownership.

APPEAL from the district court for Saline county: RALPH D. BROWN, JUDGE. *Reversed.*

*C. J. Campbell* and *H. R. Ankeny*, for appellant.

*Sloan, Sloan & Keenan* and *J. J. Burke*, contra.

CORNISH, J.

William K. Ault, on March 7, 1888, made his will, bequeathing his entire estate to his wife, the defendant, now Julia Ault Truka. On March 11, following, he died. His will was probated April 13. The plaintiff, his only child and heir at law, was born June 5, 1888. A part of the estate, a 160-acre homestead, has remained in the possession of the wife, who asserts ownership.

This action is to quiet plaintiff's title therein, as posthumous child of the deceased. The district court, finding that it did not have original jurisdiction of the action, and that plaintiff has an adequate remedy at law, dismissed the action. Plaintiff appeals.

Our statute, following a common-law rule, provides that a child, born after the making of a will, shall have the same share in the estate of the testator as if he died intestate, which share shall be assigned to him, "unless it shall be apparent from the will that it was the in-' tention of the testator that no provision shall be made for such child." Rev. St. 1913, sec. 1311. The statute also makes provision for assignment to the child of his share going to him in the county probate court.

The Constitution gives to the county court original jurisdiction of all matters of probate and settlement of estates of deceased persons, and denies to that court jurisdiction in actions in which titles to real estate are sought to be recovered or may be drawn in question. More or less difficulty arises in laying down rules of procedure at once consistent with these two provisions of the Constitution and equitable in practice.

The defendant here urges, mistakenly we believe, that plaintiff's remedy is in the county court; that the question involved is one of heirship, exclusively within the jurisdiction of that court. We have held that the title to real estate passes at once, upon death, to the heir, not by virtue of any administration of the estate or decree of the county court, but directly by operation of the statute of descent. In *Dunn v. Elliott*, 101 Neb. 411, where the county court had erroneously construed a will, and accordingly assigned land to certain heirs, we held that the court's decree, involving, as it did, title to, real estate, was ineffectual to finally determine the rights of the parties, although permissible for certain purposes of administration.

On the other hand, we have held that the county court, in the settlement of an estate, has jurisdiction to find who are the heirs of the decedent, which finding is binding upon all parties interested in the estate. *Fischer v. Sklenar*, 101 Neb. 553. In the instant case, the county court might have assigned to the plaintiff the share of the estate going to her. The question of heirship was

Gillespie v. Truka.

never determined by the county court. That the plaintiff is the sole child and heir at law of the deceased is not and never has been a controverted issue of fact. The county court merely found that the will in controversy was his last will and testament.

The contention that this question of fact, so arising, is exclusively for the county court is not well taken. Being a fact upon which title may depend, and questions of title not being within the jurisdiction of that court, the law in such a case gives to the court in which the question of title may arise concurrent jurisdiction. As said in *Fischer v. Sklenar, supra* (p. 560): "We have held that heirship may be proved in many ways. *Jetter v. Lyon,* 70 Neb. 429."

A will, not providing for nor showing an intention not to provide for a child, subsequently to be born, is revoked *pro tanto* by the subsequent birth of the child, and the child inherits, not by the decree of the court, but the title passes by the statute.

It is also contended that the act to quiet title is not the appropriate remedy, and that plaintiff has a remedy at law. If we assume that the plaintiff is an heir possessing title, and that the defendant, in possession with life estate, disputes the title and claims ownership, then it follows, as we held in *Criswell v. Criswell,* 101 Neb. 349, that an action to quiet title is the appropriate remedy.

For other cases bearing upon the questions considered, see *Evans v. Anderson,* 15 Ohio St. 324; *Chicago, B. & Q. R. Co. v. Wasserman,* 22 Fed. 872; *Breidenstein v. Bertram,* 198 Mo. 328; *State v. O'Connor,* 102 Neb. 187; *Smith v. Robertson,* 89 N. Y. 555; 2 Alexander, Commentaries on Wills, sec. 632.

REVERSED AND REMANDED.

SEDGWICK AND ALDRICH, JJ., not sitting.