## LOGUE v. FERRIS.*

(Circuit Court of Appeals, Eighth Circuit. April 8, 1922.)

No. 5857.

1. **Courts ⬨201—Nebraska probate court, in discharge of powers granted, can construe will disposing of real estate.**

Under Const. Neb. art. 6, § 16, giving county courts probate jurisdiction, but denying them jurisdiction in actions in which title to real estate may be drawn in question, and Rev. St. Neb. 1913, §§ 1206, 1494, 1495, 1497, 1499, the probate court, when acting in discharge of powers granted to it, has the incidental right to construe a will disposing of real property for the purpose of appropriately discharging its duty, notwithstanding the apparent constitutional limitation.

2. **Partition ⬨36—Cannot be decreed by the probate court between life tenant and remainderman.**

The power of the probate court to partition land belonging to the estate given by Rev. St. Neb. 1913, §§ 1494, 1495, 1497, 1499, can be exercised only among joint tenants, tenants in common, or coparceners, and cannot be exercised where the will, as construed by the court, gave to one of the parties a life estate, and to the other the remainder in fee.

3. **Judgment ⬨828(2)—Decree of Nebraska probate court, in partitioning real estate, that will gave only life estate to widow, is beyond its jurisdiction, and not conclusive.**

A decree by a Nebraska probate court, in the attempted exercise of its powers to partition real property devised by the will, that the widow of testator took only a life estate under the will, is beyond the jurisdiction of the probate court to render in such proceedings, so that such decree is not conclusive as to the construction of the will in a subsequent suit between the same parties.

Appeal from the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Suit in equity by Nellie B. Logue against Josie B. Ferris. From a decree dismissing the bill, complainant appeals. Reversed and remanded, with directions.

⬨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied July 7, 1922.

W. H. C. Taylor, of Medford, Okl. (H. F. Favinger, of Hastings, Neb., on the brief), for appellant.

D. S. Hardin, of Alma, Neb. (Richard Rumer and John C. Robertson, both of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, STONE, and LEWIS, Circuit Judges.

LEWIS, Circuit Judge. Appellant, who was plaintiff below, is the relict of William T. Jennings, who died testate while seized in fee of 160 acres of farm lands in Harlan County, Nebraska.

Clause 3 of his will reads:

"I give and bequeath to my beloved wife, Nellie B. Jennings, all of my real estate of which I may die seized, and at her death, I direct that, what is left of the same, shall go to my beloved daughter, Josie B. Ferris, if my daughter has children living at her death, then and in that case I will and bequeath that it goes to her children share and share alike, and if she has no children living at the death of my daughter, Josie B. Ferris then in that case, I direct that what is left at her death, go to my next of kin or heirs according to the laws of this state."

It went to probate, and in due time the accounts of the administrator c. t. a. came on for final settlement and for an order of distribution; and thereupon the probate court entered this:

"Now on this 1st day of July, 1916, this cause comes on for hearing before the Court, on the final report of William Chapman, administrator of the estate of William T. Jennings, deceased, and on the petition of the said William Chapman for a final decree of heirship and for distribution in said matter and for discharge.

*     *     *     *     *     *     *     *     *     *     *     *

"The Court finds that said William T. Jennings was at the time of his death the owner of and in possession of the following described real estate to-wit: the south half of the northeast quarter and the north half of the southeast quarter of section 24, Twp. 1 north, of range 18, west of the 6th P. M. in Harlan County, Nebraska.

"The Court further finds that said deceased left as his next of kin and only legatees and devisees, under his last will and testament, the following named persons, to-wit: Nellie B. Logue, née Jennings, widow and Mrs. Josie B. Ferris, daughter, and that by the will of said deceased, that the said William T. Jennings devised all of his personal property after the payment of his debts, with the exception of $200.00, to his widow, and that said $200.00 was to go to his daughter Josie B. Ferris and the Court finds that the same has been paid and that the said Nellie B. Logue, née Jennings is entitled to the residue of the money now in the hands of the administrator, to wit, $1,190.37.

"The Court further finds that under and by virtue of the will of the said William T. Jennings, deceased and upon the request of Nellie B. Logue, née Jennings, that the Court assigns to the said Nellie B. Logue, née Jennings, a life interest in and to said estate, she waiving in open Court any other interest or claim in and to said real estate, to-wit, the south half of the northeast quarter and the north half of the southeast quarter of section twenty-four, township 1 north, range 18 west in Harlan County, Nebraska, and that he assigns the residue of said estate to Josie B. Ferris, she being the owner in fee simple thereof, as provided for by said will in case she die leaving issue, if not then said property to descend to the next of kin to the said William T. Jennings, deceased.

"It is therefore ordered considered and adjudged, by the Court, that the administrator pay to the said Nellie B. Logue, née Jennings, the sum of $1,190.37 and to take her receipt therefor and file the same in this Court, and that said real estate, to-wit, the south half of the northeast quarter and the north half of the southeast quarter of section 24, township one north, of range

18 west in Harlan County, Nebraska, be and the same is hereby assigned to Josie B. Ferris, subject to the life estate of the said Nellie B. Logue, née Jennings, and in case the said Josie B. Ferris should die without issue, then in that event said real estate shall descend to the heir at law of the said William T. Jennings, deceased and that upon complying with the order of this Court said administrator shall be discharged."

Afterward the appellant brought this suit. She alleges that she is in possession of the land, sets out the will and the order of distribution in hæc verba, claims that the court was without jurisdiction to make the order, avers that she took the fee under the will, that appellee asserts the fee to be in her, and that appellant has only a life-estate by virtue of the order; and prays that her title be declared and quieted against the adverse claims of appellee. The court sustained a motion to dismiss, on the ground that the order in probate was res adjudicata of the issue tendered. That conclusion was reached in this way: The Nebraska Constitution provides (article 6, § 16):

"County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons * * * and such other jurisdiction as may be given by the general law. But they shall not have jurisdiction * * * in actions in which title to real estate is sought to be recovered, or may be drawn in question."

And the State statute (Rev. Stat. 1913) provides (section 1206):

"The county court shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons."

Section 1494 provides that, after the payment of debts, etc.:

"The county court shall, by a decree for that purpose, assign the residue of the estate, if any, to such other persons as are by law entitled to the same."

Section 1495:

"In such decree the court shall name the persons, and the proportions or parts to which each shall be entitled, and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any person having the same."

Section 1497:

"When such estate shall consist in part of real estate, and shall descend to two or more heirs, devisees, or legatees, and the respective shares shall not be separate and distinguished, partition thereof may be made as provided by law," and

Section 1499:

"The partition, when finally confirmed and established, shall be conclusive on all the heirs and devisees and all persons claiming under them, and upon all persons interested."

The court, in a written opinion, said that the early construction of the Constitution and statutes by the Supreme Court in Dunn v. Elliott, 101 Neb. 411, 163 N. W. 333, Youngson v. Bond, 69 Neb. 356, 95 N. W. 700, 5 Ann. Cas. 191, and Orphan Asylum v. Shelby, 75 Neb. 591, 106 N. W. 604, was with the appellant, and that under the rulings in those cases the appellant was not barred by the order of the probate court; but that later cases in that court, Fischer v. Sklenar, 101 Neb. 552, 163 N. W. 861, and Gillespie v. Truka, 104 Neb. 115, 175 N. W.

883, were the other way, and that by them the issue tendered was foreclosed by the order. This was error; induced, perhaps, by the failure of counsel there as well as here, to present the case in its more comprehensive aspect.

[1] It will be conceded that if the probate court, in making the order, was acting in discharge of powers granted to it, the incidental right to construe the will for the purpose of appropriately discharging its duty, belonged to it, notwithstanding the apparent constitutional limitation; and in that event its construction of the will to the extent necessary in the discharge of its proper function would be res adjudicata, for in Orphan Asylum v. Shelby, supra, in considering the question the court said:

"And, finally, in Youngson v. Bond, 69 Neb. 356, the holding was that a suit by the administrator with the will annexed for the construction of a will,·in order to enable him to administer the estate properly, was not maintainable in the first instance in the district court, and that the county court was not precluded from construing a will, in a proper case, and determining the effect and meaning of a devise of lands, so far as is necessary to give proper directions to an executor or administrator with the will annexed, but that the construction of the will in such a case is for the information and benefit of such executor or administrator only, in order to advise him what course to pursue; that it adjudicates nothing beyond his rights and liabilities in the execution of his office."

Again, in Gillespie v. Truka, supra, it is said:

"The Constitution gives to the county court original jurisdiction of all matters of probate and settlements of estates of deceased persons, and denies to that court jurisdiction in actions in which titles to real estate are sought to be recovered or may be drawn in question. More or less difficulty arises in laying down rules of procedure at once consistent with these two provisions of the constitution and equitable in practice. * * * We have held that the title to real estate passes at once, upon death, to the heir, not by virtue of any administration of the estate or decree of the county court, but directly by operation of the statute of descent. In Dunn v. Elliot, 101 Neb. 411, 163 N. W. 333, where the county court had erroneously construed a will, and. accordingly, assigned land to certain heirs, we held that the court's decree, involving. as it did, title to real estate, was ineffectual to finally determine the rights of the parties, although permissible for certain purposes of administration. On the other hand, we have held that the county court, in the settlement of an estate, has jurisdiction to find who are the heirs of the decedent, which finding is binding upon all parties interested in the estate. Fischer v. Sklener, 101 Neb. 553, 163 N. W. 861. In the instant case, the county court might have assigned to plaintiff the share of the estate going to her. The question of heirship was never determined by the county court. That the plaintiff is the sole child and heir at law of the deceased is not and never has been a controverted issue of fact."

But see Pacific Bank v. Hannah, 90 Fed. 72, 79, 32 C. C. A. 522, and Rich v. Mining Co., 147 Fed. 380, 383, 77 C. C. A. 558. The principle is aptly stated in Appeal of Mack, 71 Conn. 122, 41 Atl. 242, thus:

"Reversal of the probate order [sustaining a trust] is asked for on the ground that the trust bequest is void, and therefore there is intestate estate, which the appellant is entitled to have distributed. This raises the question, can a court of probate pass judicially on the validity of a legacy? Courts of probate do not possess the right to try and finally determine disputed titles to property. * * * On the other hand, they have full·and exclusive jurisdiction of the settlement of estates; and whenever, in such settlement, a judgment becomes necessary upon a controversy which is plainly within the

jurisdiction conferred by statute, involving the consideration of title or other matter which per se is without that jurisdiction, it is clear that the court has power to consider such question, so far as may be necessary to render its judgment. This power is unavoidably implied in conferring the exclusive jurisdiction; and its exercise is not the exercise of the common-law power of a court of general jurisdiction, but is an exercise of the statutory jurisdiction conferred. * * * It is evident that the question what is an exercise of the common-law power of determining title, as distinguished from an incidental consideration of a question of title necessary to an adjudication under the statutory power of settling an estate, may sometimes be difficult of answer. It is hardly wise to attempt the statement of a general rule; the line of demarkation can best be made clear through cases that test its application. This much, however, may be safely said: The trial of title is without the jurisdiction of the court of probate, and an adjudication where the court may incidentally consider such question must be made in respect to a matter clearly within its statutory jurisdiction, and which the court is required by law to determine, and the question of title must be so involved that the necessary adjudication cannot be had without considering it. * .* * The finding of the court of probate involves only a conditional consideration of title, i. e. for the purposes of a judgment upon a matter within its jurisdiction."

Also it is said, In re King's Estate, 215 Pa. 59, 64 Atl. 324:

"The power to distribute includes the power to decide all questions necessary to a proper distribution."

[2] But what power or jurisdiction of the court was it attempting to exert in making the order? Clearly, the power to partition the land for the purpose of division, assumed to be given to it by sections 1494, 1495, 1497, and 1499, supra, of the State statute. But it is a fundamental rule, inherent in the nature of the subject and recognized by section 1497, that there can be partition of lands only among joint tenants, tenants in common or coparceners; and both the will and the order demonstrate that there were no such persons in this case. Indeed, the order eliminates the necessary condition on which partition may be made, it finds that the fee is in the daughter in remainder, subject to the widow's life estate. Freeman on Cotenancy and Partition (2d Ed.) §§ 87, 431. At common law partition dealt only with possession, and left the title as it found it. That rule has been changed in some states by statute, but we find no change in that respect of the court's powers in probate. Freeman, § 529 et seq. Woerner on American Law of Administration (2d Ed.) § 567, says:

"The current of authorities seems to establish the rule, that in the absence of statutory provision authorizing it, there can be no partition during the existence of the particular estate"

—such as homestead, dower or other life estate, and that as a general rule there is no power in probate courts to partition real estate, unless it has been expressly given by statute. The excerpt from Woerner is in consideration of the rights of cotenants in the remainder pending the lesser estate. To the same effect, Freeman, §§ 440, 441.

The Supreme Court of Nebraska, in Phillips v. Dorris, 56 Neb. 293, 76 N. W. 555, said:

"Only a joint tenant or a tenant in common of real estate can maintain an action for its partition. * * * Hurste v. Hotaling, 20 Neb. 178, 29 N. W. 299; Barr v. Lamaster, 48 Neb. 114, 66 N. W. 1110. If Miller died intestate,

the title to the lands which he owned at his death descended to and vested in his heirs at law; if he died leaving a will, the title vested in his devisee on probate of the will. Miller's administrator was neither a tenant in common nor a joint tenant of such heir or devisee. * * * The object of a partition suit is to assign property, the fee-simple title to which is held by two or more persons as joint tenants or tenants in common, to them in severalty."

In Alexander v. Alexander, 26 Neb. 68, 41 N. W. 1065, that court held:

"If the widow has a life-estate in the lands mentioned, the plaintiffs cannot maintain an action of partition against her. She is entitled to the full possession and absolute control during her life of said estate, provided she does not commit waste thereon, and the plaintiffs would have no right to disturb her possession."

The Supreme Court of Kansas, in Love v. Blauw, 61 Kan. 496, 59 Pac. 1059, 48 L. R. A. 257, 78 Am. St. Rep. 334, held that the owner of a life interest could not maintain partition against the remaindermen, and that a decree setting over part of the property to the life tenant in fee simple was wholly void. In Smith v. Runnels, 97 Iowa, 55, 65 N. W. 1002, the will gave plaintiff all the estate of the testator for her sole use and benefit during her natural life; afterwards to be divided. Held, that it gave plaintiff a life estate in the testator's real estate, and the owner of a life estate in land cannot maintain an action of partition against the remainder-men to have it sold.

[3] We do not, of course, decide that the appellant has only a life estate, we express no opinion on that question, we have only taken the case on the basis of the finding in that respect in the order. There was, then, no ground on which to claim that the power of the court was being exerted to partition the land, hence it cannot be maintained that the court exercised in making the order an incidental and necessary or implied power in construing the will that it might thereby discharge a duty expressly imposed on it. It made no division of the land, it could not do so. But it plainly violated the constitutional inhibition in assuming the right to consider and determine a question of title, and nothing else. Its action, therefore, in making the order in respect to the title to the land was void, because it exceeded its power and went beyond the jurisdiction to which by the constitution it is restricted. The unmistakable terms of the will called for an order directing the administrator to deliver possession to the widow,—nothing more; beyond that the probate court had no occasion to go.

Reversed and remanded with directions to overrule appellee's motion to dismiss, to permit her to answer, if she be so advised, and to dispose of the case as right and justice may require.