## TAYLOR v. MARTIN'S ESTATE.
### (No. 7182.)

(Court of Civil Appeals of Texas. San Antonio. June 11, 1924. Rehearing Denied July 2, 1924.)

1. **Descent and distribution** ⊜47(3)—Statutes held to protect children unprovided for by will, whether born before or after death of testator.

Rev. St. arts. 7865, 7866, protect children born after execution of a will and unprovided for by it, whether born before or after the death of testator.

2. **Wills** ⊜191, 259—Will executed before birth of child surviving testator effective only if child dies without marrying before reaching 21.

Under Rev. St. art. 7867, birth of child after execution of a will does not per se revoke it, but prevents it from having effect during the life of the child, and the will is effective only if the child dies before reaching 21 without having been married, and cannot be probated until the death of the unmarried after-born child during his minority.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Proceedings by Moselete Martin Taylor to probate will of W. F. Martin, deceased. The district court affirmed a judgment denying probate, and proponent appeals. Affirmed.

J. D. Williamson and Allan V. McDonnell, both of Waco, for appellant.

Oxford & Johnson, of Stephenville, and Ritchie & Ranspot and E. B. Ritchie, all of Mineral Wells, for appellee.

FLY, C. J. [1] Appellant sought to probate the will of W. F. Martin, deceased, executed by him on May 12, 1917, in which he bequeathed to appellant, his sister, a large portion of his estate. Probate of the will was contested by his widow, Mrs. Willie I. Martin, who is named in the will as residuary legatee, on the ground that the will was made before any children had been born of her wedlock with the testator, and that afterwards, on May 21, 1919, a male child, T. O. Martin, was born to testator and his said wife, Willie I. Martin, who was entitled to the estate of his father. Probate of the will was denied by the county judge, and on appeal to the district court probate of the will was again denied.

We adopt the findings of fact of the district judge as follows:

"The deceased, W. F. Martin, and contestant, Willie I. Martin, were married in the year 1904, and thereafter lived together as husband and wife until the death of the said W. F. Martin in the year 1921.

"On May 12, 1917, the deceased, W. F. Martin, executed the instrument offered for probate under the conditions and with the formalities necessary to make it a valid will at the time of such execution.

"At the time of the execution of the said instrument the said W. F. Martin had no child or children living, none having been theretofore born to the said parties.

"Subsequent to the execution of the said instrument, and on May 21, 1919, there was born to the said W. F. Martin and to his wife, the contestant, Willie I. Martin, a son, T. O. Martin, who was the only issue of said parties, and the only child of deceased. The said minor son, T. O. Martin, is still living, being a party hereto. The unborn child was not provided for or mentioned in any way in the said instrument offered for probate. Said W. F. Martin died in Palo Pinto county, Tex., on the 11th day of May A. D. 1921, at his residence in Mineral Wells in the said county. He was apparently in good health, and was sitting on his porch when death came, as a result of heart failure, and died in his chair, sitting erect. He loved his only son, T. O. Martin, very devotedly."

The statutes of Texas give protection to after-born and unborn children, unprovided for in a parent's will by providing that the child born after the making of a will shall have the same portion of the estate as though the parent had died intestate. These provisions protect the children born after the making of the will, whether born before or after the death of the testator. Rev. Stats. arts. 7865, 7866.

Article 7867 provides:

"Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, or leave his wife enceinte of a child which shall be born, shall have no effect during the life of such after-born child, and shall be void, unless the child die without having been married and before he shall have attained the age of twenty-one years."

That statute is plain and easy of construction. It defines in unmistakable language the status of a will surrounded by the circumstances with which the will of W. F. Martin is surrounded. The will of W. F. Martin was made when he had no child living, and of course there was no provision for or mention of a child, but before his death a child was born to him and his wife, and afterwards he died; and the statute says that such will "shall have no effect during the life of such after-born child, and shall be void, unless the child die without having been married and before he shall have attained the age of twenty-one years." In other words, the will remains quiescent and inactive until it be ascertained whether the child shall die unmarried before he is 21 years of age. If he does marry, or does not die before he reaches that age, the will is void, if he does die unmarried before he reaches that age, the will becomes active. Before the death of the testator the will depends for its vitality on the acts of the testator. He may revoke it, and, of course, it cannot be probated until after the death of the testator. As said by Paul in Hebrews, c. ix, 16 and 17:

"For where a testament is, there must also of necessity be the death of the testator. For a testament is of force after men are dead; otherwise it is of no strength at all while the testator liveth."

Of course it would be preposterous to attempt the probate of the will while the testator is living, because it is inactive and may never become active. In the statute under consideration the Legislature has added another life, and two lives instead of one stand between the will and its activity, for it says that such will, which would usually become active at the death of the testator, "shall have no effect during the life of such after-born child."

It might become active, it would become active, if "the child die without having been married and before he shall have attained the age of twenty-one years." The testator could destroy the will by a revocation before his death; the after-born child might destroy the will by marriage before he was 21 years of age. It would be just as proper to probate the will during the life of the testator as during the life of the after-born child. In neither case would it be permissible. In

the one case the will could be probated within the statutory time after the death of the testator, in the second case within the statutory time after the death of the unmarried after-born minor child. As said by the Supreme Court in Morgan v. Davenport, 60 Tex. 230, the statute under consideration "declares that in such case the will shall have no effect during the life of such after-born child, and shall be void, unless the child die without having been married, and before he or she shall have attained the age of twenty-one years."

[2] The birth of a child after the execution of a will does not per se revoke it, but it merely prevents it from having effect during the life of the child, and it is only effective if the child dies without having been married before attaining the age of 21 years. It cannot be legally probated until the happening of the death of the unmarried after-born child during his minority.

The judgment is affirmed.