MOSELETE MARTIN TAYLOR ET VIR. v. W. F. MARTIN ESTATE ET AL.

No. 4266. Decided February 22, 1928.
(3 S. W., 2d Series, 408).

*J. D. Williamson* and *Allan V. McDonnell,* for plaintiffs in error.

Art. 7867 of the Revised Statutes of Texas does not preclude the probate of such will where the same is duly executed and unrevoked by the testator; but such statute merely authorizes the suspension of the execution of such will during the lifetime of such child, and upon the happening of the contingencies named for the complete

nullification of its terms and provisions. A will executed in conformity with the requirements of law and unrevoked by the testator should be admitted to probate even though the testator had no child or children living at the time of its execution, made no provision in such will therefor, and at the time of his decease left a surviving child. Arts. 3247 and 3248, Rev. Stats.; Arts. 3251, 3271 and 3274 Rev. Stats.; Art. 7859, Rev. Stats.; Arts. 3358–59–60–61, Rev. Stats.; Arts. 7865–66–67, Rev. Stats.; Morgan v. Davenport, 60 Texas, 230; Prather v. McClelland, 76 Texas, 574; Pearce v. Pearce, 104 Texas, 73; Hilgers v. Hilgers, 159 S. W., 851; Thornton v. McReynolds, 156 S. W., 1144; Rowe v. Allison, 112 S. W., 395; Cox v. Cox, 13 S. W., 1055; Belton v. Summer, 21 L. R. A., 146; Cyc. on Wills, Vol. 40, p. 1204.

Art. 3325 and Art. 3326 of the Revised Statutes of the State of Texas, 1925 revision, are mandatory and require that every last will and testament must be probated before the elapse of four years from the date of the death of the testator, and prohibit in express language the probate of a last will and testament after the expiration of such period.

Art. 3348, formerly Art. 3271, sets out seriatim five different facts which must be proven and established, but which when proven and established require that a will be admitted to probate. When these provisions have been complied with the will is entitled to be admitted to probate as duly authenticated and established to be the last will and testament of such testator.

The Legislature has provided for a subsequent proceeding to be had and made for the very purpose of suspending or annulling the provisions of any will after it has been admitted to probate. The articles we refer to are now known as Arts. 3433, 3434 and 3435 of the Revised Statutes of 1925, and were formerly Arts. 3358, 3359, 3360 and 3361. By these articles it is enacted that any person properly interested therein may institute, after the probate of a will, a proceeding in that court in which the will was admitted to probate for the purpose of annulling or suspending all or any part of such will which the court has theretofore adjudicated as the last will and testament of the testator.

It has been held by this court that it is error for a court sitting in probate on the application for probate of a will to undertake in that proceeding to adjudge the effect of such will or attempt to nullify said will or any of its provisions. That such can be done, and only be done in the statutory method above mentioned, viz.: the institution

of a subsequent proceeding for such express purpose. Prather v. McClelland, 76 Texas, 574. This decision by the Supreme Court has been followed repeatedly. Two of the more recent cases are Hilgers v. Hilgers, 159 S. W., 851; Thornton v. McReynolds, 156 S. W., 1144.

The same rule is in effect in other jurisdictions. As said by the Supreme Court of Arkansas in the case of Rowe v. Allison, 112 S. W., 395, the probate of a will is nothing more than authenticity of its execution, and a similar holding is made in Belton v. Summers, 21 L. R. A., 146, and in Cox v. Cox, 13 S. W., 1055.

It is significant that Arts. 8291 and 8292 expressly provide that the will is not revoked, but that such subsequently born child or children shall be entitled to that portion of the estate of their deceased ancestor to which they would have been entitled had no will been made, and that to the raising of such the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them in such last will and testament.

It is equally clear that Art. 8293 was not enacted with the idea in view of invalidating a will where the testator had no child living at the time the will was made, but subsequently died leaving a child.

What we have stated above is not without support in the decisions of this court heretofore made, and our position is sustained by the language of the learned judge who wrote the opinion in the case of Morgan v. Davenport, 60 Texas, 230.

The statute in question does not say that a will executed under the circumstances involved in the case at bar is void and of no effect. To so construe the statute is to do violence to the language of the Legislature, because immediately following the words "shall be void" appears the limiting or qualifying clause "unless the child shall die without having been married and before he shall have attained the age of twenty-one years."

In other words, if the statute is to be read in its entirety and given effect in its entirety, then it must be interpreted and construed to be that the will shall be valid should the child die without having been married and before he has attained the age of twenty-one years. We believe that this court concurs with us in this view.

Now if the will becomes valid on certain contingencies named occurring, then the beneficiaries in that will have a contingent interest in the estate passing under that will. It is true that their contingent interest may be defeated by the occurrence of certain enu-

merated facts, but unless and until the occurrence of such facts the contingent interest remains in the beneficiaries of such will.

The child's interest will be as fully and as effectively protected by the probate of this will as it would be protected were the will not admitted to probate, but the interest of the beneficiaries will not be protected if the will is not admitted to probate. They have some rights in this matter as surely and as truly as the defendants in error.

The case of Wood v. Treadway, 69 S. E., 455, is a complete answer to the argument of the defendants in error that the minor's interest would be jeopardized should the will be admitted to probate.

There is no distinction to be drawn at law between the writing into the will of the provisions in question by the hand of the testator and the writing into the will the provisons in question by operation and direction of law.

It is the position of the plaintiffs in error that the will should be admitted to probate without any order save and except an appropriate decree that the same be admitted to probate. That under the decisions of the State of Texas the court sitting in probate is without authority to annul or suspend any of the provisions of the will in question, but that such question must be presented to this court by and in a subsequent proceeding instituted for such purpose.

But in the event that the court does not concur in this view it is the second position of the plaintiffs in error that in all events the will should be probated and admitted to record as the duly established last will and testament of the deceased, with appropriate order directing that unless and until the child die without having been married or before he attains the age of twenty-one years the will shall be held in abeyance and of no effect.

*Oxford & Johnson, Ritchie & Ranspot* and *E. B. Ritchie*, for defendants in error.

Where a will is executed when a testator has no living child or children, and a child thereafter is born to him, which is not mentioned nor provided for in such will, and which survives the testator, such will is thereby revoked and rendered void and of no force or effect, during the life of such after-born child. A will revoked either by act of the testator or by operation of law is of no force or effect and becomes as inoperative as if it had never been written. Rev. Stats., Arts. 7865, 7866, 7867; Rev. Stats., Arts. 3248, 3293, 3358 *et seq.;* Black, Interpretation of Laws, pp. 122, 126; Morgan v. Davenport, 60 Texas, 230; Pearce v. Carrington, 124 S. W., 469;

Pearce v. Carrington (Sup.), 134 S. W., 214; Evans v. Evans, 186 S. W., 815; Morse v. Morse, 42 Ind., 365; Hughes v. Hughes, 37 Ind., 183; Domat's Civil Law, Vol. 2, Secs. 3121–3132; Gammel's Laws of Texas, Vol. 2, p. 342; Marston v. Roe, 112 Eng. Reprint, 742; Hemingway's Miss. Ann. Code, Art. 3367; Watkins v. Watkins, 88 Miss., 148, 40 So., 1001; Shouler on Wills, Vol. 1, p. 530.

To revoke means : "To recall; to repeal; to annul."

Webster's Dictionary: "An act by which the will ceases to have any effect or efficacy." Carter v. Thomas, 4 Me., 341. "Anything which renders a bequest inoperative at the testator's death." Langdon v. Aston, 18 N. Y., 9; "To revoke a testamentary disposition is to annul it so that in legal contemplation it ceases to exist and becomes as inoperative as if it had never been written." Gardiner v. Gardiner, 19 Atl., 651, 8 L. R. A., 383.

Considering the language of the statute itself, it seems that it was the intention of the provision to work a revocation of the will by operation of law, subject to its being revived or given force and effect in the event of the happening of the contingency mentioned in the statute. Such, we think, is the effect of the use of the words "no effect" and "void." If the instrument can have no force or effect and if it is void during the life of the after-born child, it is difficult to see how it could have sufficient effect or validity to entitle it to be admitted to probate. The very act of probate is an adjudication by the court of the validity of the will.

If the will should be admitted to probate, writing into the order probating the substance of the provisions of Art. 8293, the provisions of the order would be contradictory in and of themselves. It would necessarily recognize the validity of the will, and the right of the applicant to probate same, and at the same time would necessarily provide that at the very moment of probate the instrument was void, and further, that it should be void for all time unless the minor should die unmarried and before reaching the age of twenty-one years.

The overruling or qualification of the case of Prather v. McClelland, 76 Texas, 574, in which this court held that in a proceeding to probate, the court is without jurisdiction to annul or suspend the provisions of a will, would result. It would be necessary to disregard the provisions of Art. 3354 requiring, upon probate of a will, the granting of letters testamentary to the executor appointed by such will. It would involve a disregard of Art. 3401 *et seq.,* requiring

the issuance of letters by the clerk and providing what shall constitute such letters.

In our view, a holding that the will is void and revoked until the death of the after-born child, unmarried and before reaching the age of twenty-one years, and that the will is then and only then entitled to probate, would involve none of these complications and inconveniences which are involved in the contrary construction. And such holding would preserve to the devisees named in the will every right that might be conferred by the will. If the contingency mentioned in the statute does not come to pass it is conceded that the devisees under the will take nothing and that it is void for all time. But in the event of the happening of the contingency mentioned in the will, then if the will is admitted to probate the titles of the devisees would thereby be established.

Attention is here again called to the Indiana case of Morse v. Morse, which involved the construction of a statute very similar to our own.

We may further again call attention to the view that the four-year statute, being Art. 3326, would not bar the devisees from offering the will for probate upon the happening of the contingency mentioned in the statute more than four years after the death of the testator, for the reason that the statute has no application where proponent is not in default, and there certainly would not exist any such default when the will is not entitled under the law to sooner be offered for probate.

Mr. Justice GREENWOOD delivered the opinion of the court.

The undisputed facts disclose that W. F. Martin and Willie I. Martin were married in 1904. On May 12, 1917, W. F. Martin executed a will in strict conformity to the law's requirements, whereby he bequeathed $85,000 to his sister, Moselete Martin Taylor. The will neither makes mention of nor provides for any child of the testator. The testator's wife and his sister, Moselete Martin Taylor, were named as executrices of the will. When the will was made W. F. Martin had no child, but a son, still living, was born to him and his wife on May 21, 1919. W. F. Martin died on May 11, 1921. His sister, Moselete Martin Taylor, filed an application for the probate of the will of W. F. Martin and for the issuance to her of letters as executrix. The application was contested in the County Court by the widow, and on appeal to the District Court, by the

widow and the son, on the ground that the testator had no child when the will was made but that he left a child when he died, who was neither mentioned in the will nor provided for thereby.

The County Court and the District Court refused to probate the will. The Court of Civil Appeals affirmed the judgment of the District Court, concluding that the will could not be legally probated until the death, during minority and while unmarried, of the after-born child. 263 S. W., 1102.

After a writ of error was allowed, the case was referred to Section A of the Commission of Appeals. The Commission recommended the reversal of the judgment of the Court of Civil Appeals and the rendition of judgment by the Supreme Court simply admitting the will to probate.

Having withdrawn the case from the Commission, the Supreme Court is thus called upon to determine what effect should be given to the terms of Art. 8293, Rev. Stats., on an application for the probate of a will and for letters testamentary.

Art. 8293 provides:

"Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, or leave his wife enceinte of a child which shall be born, shall have no effect during the life of such after-born child, and shall be void, unless the child die without having been married and before he shall have attained the age of twenty-one years."

We cannot sustain the contention for the after-born child that the will be denied probate until the death of such child, unmarried and under twenty-one years of age. Our statutes authorize any person interested in the testator's estate or the testamentary executor to apply for the probate of the will. Such probate is forbidden after the lapse of four years from the death of the testator, unless the party seeking to have the will probated proves he was not in default in failing to present the will within four years. The will must be probated upon the court being satisfied from the evidence:

"1. That the testator, at the time of executing the will, was at least twenty-one years of age, or was married, that he was of sound mind, and that he is dead.

"2. That the court has jurisdiction of his estate.

"3. That citation has been served and returned in the manner and for the length of time required by law.

"4. That the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will.

"5. That such will has not been revoked by the testator."

Arts. 3339, 3326, 3329, 3330, 3348 and 3351, Revised Statutes of 1925.

It is a condition precedent to the will's ever having any effect that it be probated in accordance with the statutes. Page on Wills (2d Ed.), Sec. 527. Not only is plaintiff in error Moselete Martin Taylor, one of the testamentary executrices of the will offered for probate, but she is bequeathed $85,000 under the will. It is true the bequest to plaintiff in error is made by the terms of Art. 8293 contingent on the death of the testator's son, before marriage and before he arrives at the age of twenty-one years. The fact that the bequest is contingent does not deprive plaintiff in error of interest in the testator's estate.

Plaintiff in error was therefore entitled to apply for the will's probate and for letters testamentary. Ryan v. Texas & P. Ry. Co., 64 Texas, 239; Abrams v. The Ross Estate, 250 S. W., 1020. It is conceded that her application and proof met every requirement of our statutes for the complete grant of her application, save that both application and proof showed the birth of the testator's son after the date of the will, and showed that the son was alive, and showed that the will made no provision for and contained no mention of the son. If Art. 8293 declared that the birth of a child subsequent to the execution of a parent's will, which made no provision for or mention of the child, should absolutely revoke such will, the judgments of the Court of Civil Appeals and of the courts below would be correct. Matter of Gall, 5 Demarest's Reports (N. Y.), 374. Instead of the statute entirely revoking the will, the statute makes the will pass to plaintiff in error a contingent estate. No one could question the right of plaintiff in error to probate this will if it had made bequests to her and to others to take effect in the event an after-born child surviving the testator should die without having been married and without having reached the age of twenty-one years, and if it devised the balance of the testator's estate to those who, had he died intestate, would have been his heirs at law, including his after-born child. Plaintiff in error's right is equally clear when derived from the terms of Art. 8293, as applied to the very instrument written by the testator. The law wrote into the testator's will the terms of the statute. Wood v. Tredway, 111 Va., 526; Baum's Estate, 269 Pa., 66.

The law contemplates and requires that the order of probate be applied for without too great delay, while the witnesses are likely to be alive and to have memory of what transpired at the will's execution. Since the will has not been wholly revoked, and since it may invest plaintiff in error with the right worth $85,000, there is no sufficient reason for refusing the will's probate.

However, we cannot sustain the contention of plaintiff in error that the Probate Court, or the District Court, on appeal, was without power, in the proceeding to probate the will and to procure letters testamentary, to give effect to the terms of Art. 8293, enacted especially for the protection and benefit of the after-born child. Though it be true that proceedings to annul particular provisions of a will should not be joined with a contest of the will's probate, as held in Prather v. McClelland, 76 Texas, 584, 13 S. W., 543, it does not follow that the court cannot adjudge, on a contested application to probate a will, the extent to which the entire will has been revoked by operation of law, on facts disclosed by the application for probate and on the contest.

The correct view of Art. 8293 is that it does deal with the revocation of wills. At both the civil and the common law certain changes in a testator's domestic status operated to revoke his will. McCullum v. McKenzie, 26 Iowa, 513. Alexander states:

"The general rule that the birth of a child after the making of a will acts as a revocation of it, would seem to be a part of the common law of America, independent of statutes." (Alexander's Commentaries on the Law of Wills, Vol. 1, p. 734, Sec. 539.)

We first find the precise language of our present Art. 8293 in Sec. 3 of the "Act Concerning Wills" of the Republic of Texas, approved January 28, 1840 (2 Gammel's Laws, 342). The whole section dealt with nothing else than what rendered devises and clauses in wills revocable by intent and act of the testator and by operation of law. Birth of an unmentioned, unprovided-for child to a testator having no living child when the will is made, under the Act of 1840, embodied in Art. 8293, revokes the will, unless the saving contingency arises that the after-born child die under twenty-one years of age, not having married. Walker v. Hall, 34 Pa. St., 483; Alburger's Estate (No. 1), 274 Pa. St., 13; Gillespie v. Truka, 104 Neb., 115, 175 N. W., 884. In a proceeding for the probate of a will, the court is empowered to determine whether the will has been absolutely or contingently revoked. The court should probate the will if it has not been wholly and absolutely revoked. Just as the court has complete power to adjudge a pro tanto revoca-

tion which arises from the intent and act of the testator, so it has complete power to adjudge a revocation arising by operation of law, which affects every clause of the will, although the revocation be contingent instead of absolute.

The Legislature has declared its determination that the subsequent birth of a child imposes such new moral obligations on a parent that a revocation of the whole of a will made by the parent when he had no child living is conclusively implied, subject to the condition that the will may be regarded as still manifesting the intent of the testator wth respect to the disposition of his estate in the event that the child dies under twenty-one years of age and before his marriage. The after-born child should not be required to institute and maintain a separate subsequent suit, when the essential purpose of the proceeding to probate the will is to establish and place on the public records that which is the testator's ultimate will—not only as evidenced by the terms of a writing signed by him but by the terms both of that writing and the governing law.

Art. 3354 of the Revised Statutes makes it the duty of the probate court, after a will has been probated, to grant letters testamentary to the executors appointed by the will, if permitted by law. Hence, the statute expressly requires and empowers the court to adjudicate after the probate of the will, whether letters testamentary shall issue. The issuance of letters testamentary on the will of W. F. Martin is expressly forbidden by the directions of Art. 8293; first, that the will be inoperative during the life of his after-born child; and, second, that the will shall be void unless the child shall die without having been married and before attaining the age of twenty-one years.

The necessary effect of the plain language of Art. 8293 is to require that the estate of W. F. Martin be administered and distributed by the Probate Court, as though W. F. Martin had died intestate, so long as his son shall live. Therefore, as long as the son is alive, no letters testamentary can be lawfully issued on plaintiff in error's application.

Since the facts requiring the adjudication appear without dispute, it is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed, and that judgment be here rendered admitting to probate the instrument presented as the last will and testament of W. F. Martin and decreeing that said instrument be ineffective and inoperative during the life of the son of the said W. F. Martin and be null and void unless said son shall die without having been married and without having attained the age of twenty-

one years. The judgment will further direct that the application of plaintiffs in error for letters testamentary be denied and that all costs in all courts be taxed one-half against the proponent of the will and one-half against the contestants.

The judgment of the Supreme Court will be certified to the District Court with directions to that court to cause same to be certified to the County Probate Court as required by law.