Edward Dean MORRISON, Executor of the Estate of Emmett J. Morrison, Deceased, and Individually, and Wife Darlene Morrison, and Government Employees Credit Union of El Paso, Appellants,

v.

BREWSTER AND MAYHALL, Attorneys at Law, Appellees.

No. 08–89–00002–CV.

Court of Appeals of Texas, El Paso.

May 24, 1989.

James Maxfield, Studdard, Melby, Schwartz, Parrish & Maxfield, John P. Calhoun, Ginnings, Birkelbach, Keith & Delgado, El Paso, for appellants.

Frank Feuille, IV, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

This is an appeal from the granting of a summary judgment in favor of a law firm that was sued by a client for improper advice as to time limits for filing a negligence lawsuit. We affirm.

Emmett J. Morrison was retired from the U.S. Army. October 28, 1980, he executed a will, naming his sister as sole beneficiary. He later had a will prepared at the military base by the Fort Bliss Legal Assistance Office, which left his entire estate to his nephew, Edward D. Morrison and his wife, Darlene. On the advice of the military lawyers, the will was taken to the offices of Government Employees Credit Union (GECU) October 5, 1982, for execution. When this will was executed, the testator signed on the signature line at the bottom of pages one and two. The self-proving affidavit was notarized on page three. However, the testator did not sign on the execution line, and the witnesses failed to sign as to the execution on page two of the will. The testator died on February 22, 1984, and shortly thereafter, the nephew, Appellant Morrison hired an attorney, other than the Appellees, to handle the probate of the second will. The application to probate and second will was filed on March 26, 1984. The testator's sister filed her opposition to the probate and filed her application, requesting that the first will be probated. Brewster and Mayhall were hired by Appellants Edward D. Morrison and wife during this time to represent Appellants in regard to the second will. On September 24, 1985, the probate court denied the probate of the second will and admitted the first will to probate. Appellee attorneys advised Appellant and his wife that any claim against GECU for the negligence of GECU in handling the improper execution of the second will would not expire until two years from the denial of probate.

On September 23, 1987, Appellants Edward D. Morrison, individually, and as executor under the second will, and Edward's wife filed suit against GECU and attorneys, Brewster and Mayhall, alleging negligence. GECU and Brewster and Mayhall each filed motions for summary judgment. The trial court denied the motion of GECU for summary judgment, but granted Appellees Brewster and Mayhall's motion for summary judgment. Appellants' cause of action against GECU was severed out so that the judgment in favor of Brewster and Mayhall would be a final and appealable judgment.

GECU has attempted to join in as an Appellant in the five points of error asserted in this appeal. Since the trial court has denied GECU's motion for summary judgment and has severed the cause of action against it, we are without jurisdiction to hear its appeal from the trial court's denial of its summary judgment. Denial of that summary judgment is not appealable. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).

The appeal of GECU is, therefore, dismissed on the basis that we are without jurisdiction to hear any appeal by Government Employees Credit Union.

Also, we cannot consider Edward D. Morrison's appeal in the capacity of executor under the second will of the deceased because that will was denied probate. He, therefore, did not become executor under that will and does not have standing to sue in that capacity. Certainly he has standing individually and, therefore, we assume that he and his wife, Darlene, are the proper Appellants since they were the beneficiaries under the second will.

While both the first and second wills were pending for admission to probate, the Appellant Edward Morrison (beneficiary under the second will and also named executor) had entered into an agreement with the proponent of the first will (who was the sister of testator and also named execu-

trix). This agreement provided that each recognized the claimed validity of the respective wills, and that the ultimate decision as to which will would be probated was up to the probate court. The parties then proceeded to settle their differences by agreeing that the second will would be denied probate in favor of the first will being admitted to probate. Further, the beneficiary under the first will (testator's sister) would receive 30 percent of the estate, while the beneficiary of the second will (testator's nephew, Edward D. Morrison) would receive 70 percent of the estate. The second will was denied probate, and the first will was admitted to probate.

Appellants, by Points of Error Nos. One and Two, assert that the trial court erred in granting summary judgment on the grounds that the cause of action accrued, and the statute of limitations began to run against GECU on the date of the denial of probate of the last will rather than the date the last will was improperly executed.

In the alternative, by Point of Error No. Three, Appellants assert the granting of the summary judgment was in error because the trial court should have held that their cause of action against GECU accrued, and the statute of limitations started running on the date of the testator's death.

The outcome of this appeal depends on the determination of what date Appellants' cause of action accrued, and when the statute of limitations started running on their action against GECU. There is pending in the trial court a suit by Appellants against GECU, claiming negligence in the execution of the second will. If the statute of limitations had not barred Appellant's action at the time they filed suit against GECU, then the granting of Appellees' (Brewster and Mayhall) motion for summary judgment by the trial court was proper. There is no dispute that Brewster and Mayhall were retained after the application to probate the second will was filed by another attorney. However, Appellees did, after employment, advise Appellants that a suit against GECU could be filed against GECU

within two years after the denial of probate of the second will (if probate was denied).

The crucial dates involved are:

(1) October 5, 1982, when the will was not fully executed at Government Employees Credit Union?

(2) February 22, 1984, when the testator died?

(3) September 24, 1985, when the second will was denied probate?

The trial court found that the two-year statute of limitations did not commence to run until the will was denied probate on September 24, 1985.

The applicable statute of limitations in dealing with negligence actions is two years, as found in Article 5526 of Tex.Rev. Civ.Stat.Ann. (Vernon 1958), which was recodified as Section 16.003 of the Tex.Civ. Prac. & Rem.Code Ann. (Vernon 1986), effective September 1, 1985. *Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988).

■ Appellants contend the two-year period commenced to run on the date the second will was executed at GECU's office (October 5, 1982), or if that assertion is incorrect, then the date of the testator's death (February 22, 1984).

There is no question that as long as the testator was alive he had a right to change his will at any time, and, therefore, Appellees had no rights under the second will during the lifetime of the testator. We, therefore, find that any cause of action by Appellants did not accrue, nor did the statute of limitations commence to run on October 5, 1982, when the second will was improperly executed.

Section 94 of the Texas Probate Code provides:

[N]o will shall be effectual for the purpose of proving title to, or the right to the possession of, any real or personal property disposed of by the will, until such will has been admitted to probate.

■ After testator's death and before the admission of either will could the beneficiary or executor/executrix, under the first or second will, execute a valid lease or sale of the testator's property? We think not because until a will is probated, the will

is no evidence of title. *Milner v. Sims*, 171 S.W. 784 (Tex.Civ.App.—Texarkana 1914, no writ). *Jackson v. Thompson*, 610 S.W.2d 519 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). The interest that Appellants hoped to acquire in the testator's estate is by virtue of the second will, and for the will to have any legal effect it must be admitted to probate. *Taylor v. Martin's Estate*, 117 Tex. 302, 3 S.W.2d 408 (1928). During the interim between the testator's death and the filing and/or admitting of any will for probate, the legal effect is that the deceased died intestate. Therefore, we hold that Appellants did not have a justiciable interest under the second will on the date the will was improperly executed (October 5, 1982), or on the date of the testator's death (February 22, 1984). Their cause of action did not accrue, nor did the statute of limitations begin to run until the second will was denied probate on September 24, 1985. We find our reasoning is consistent with that set forth by the Court in *Linkenhoger v. American Fidelity & Casualty Co.*, 152 Tex. 534, 260 S.W.2d 884 (1953) and *Zidell v. Bird*, 692 S.W.2d 550 (Tex.App.—Austin 1985, no writ). Therefore, Appellees correctly advised the Appellants that their cause of action for negligence against the credit union did not accrue until denial of the probate of the second will. *Price v. Holmes*, 198 Kan. 100, 422 P.2d 976 (1967). In conclusion:

Appellant Government Employees Credit Union's appeal is dismissed for want of jurisdiction.

Appellant Edward D. Morrison's appeal, in the capacity of executor of the estate of Emmett J. Morrison, is dismissed for lack of standing to appeal in that capacity.

Points of Error Nos. One, Two and Three of Appellants Edward D. Morrison, and wife, Darlene Morrison, are overruled.

Point of Error No. Four asserts the granting of the summary judgment in favor of the Appellees Brewster and Mayhall was error as it is contrary in view of public policy.

In view of our affirming the trial court's judgment, we overrule Point of Error No.

Four of Appellants Edward D. Morrison and wife, Darlene Morrison.

The judgment of the trial court is affirmed.