

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| IN RE: | § | No. 08-23-00081-CV |
| EAN HOLDINGS, LLC d/b/a ENTERPRISE RENT-A-CAR | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relator. | | |
| | § | |
| | § | |

# **O P I N I O N**

Relator EAN Holdings, LLC d/b/a Enterprise Rent-A-Car (Enterprise) filed this petition

for a writ of mandamus asking the Court to direct the trial court to grant its motion to designate

the United States Border Patrol (USBP) as a responsible third party under Texas Civil Practice and

Remedies Code (TCPR) Chapter 33. We grant the petition.

## **BACKGROUND**

Real-party-in-interest Milan Todorovic claims he was arrested by the USBP at its

checkpoint near Etholen, Texas on July 27, 2016. Todorovic (and his employer, N-COM, Inc.)

filed suit against Enterprise on July 13, 2018, claiming Enterprise's negligence in renting him a

car that contained illegal narcotics was the cause of his arrest.[1] He later amended his petition to include a claim under the Texas Deceptive Trade Practices and Consumer Protection Act. Todorovic served Enterprise with the original petition on August 2, 2018.

Todorovic's original petition included a request that Enterprise "disclose, within 50 days of the service of this request, the information or material described in Rule 194.2." While Enterprise's disclosures under this request were due in September 2018, it did not serve Todorovic with its response until August 19, 2019. Relevant to this appeal is Enterprise's disclosure regarding the identity of any potential responsible third parties:

> (h)    the name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**    Unknown John Doe/Jane Doe, no address or phone number known. No identifying information known.

Enterprise served Todorovic with supplemental responses to its disclosures on January 16, 2023, in which it identified USBP as a potential responsible third party. That same day Enterprise served Todorovic with and filed a motion for leave to designate USBP as a responsible third party in accordance with Chapter 33 of the TCPR. Because January 16 was a legal holiday, however, the motion was not officially filed until January 17.

On January 23, 2023, Todorovic's and Enterprise's lawyers agreed to a discovery control plan and scheduling order setting January 16 as the deadline for Enterprise to designate any responsible third parties. The trial court judge signed the agreed scheduling order on January 27, and it was filed in the record on January 31.

---

[1] Todorovic and N-COM, Inc. are both real-parties-in-interest in this mandamus proceeding. For clarity purposes, we will refer to them jointly as Todorovic.

Todorovic filed an objection to Enterprise's motion for leave to designate USBP as responsible third party on January 27. The trial court held a hearing on the motion on February 17. And it issued an order summarily denying the motion four days later. This petition for a writ of mandamus followed.

## ANALYSIS

Enterprise presents a single issue in this petition for a writ of mandamus. It contends the Court should issue mandamus to correct the trial court's clear abuse of discretion for denying its motion for leave to designate USBP as a responsible third party.

### A. Standard of review

Generally, mandamus will issue only to correct a clear abuse of discretion, or the violation of a duty imposed by law, and when an adequate remedy by appeal does not exist. *In re Columbia Med. Ctr. Of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839. Said differently, because "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts[,] . . . a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* at 840. Additionally, however, the mere fact "an appellate remedy . . . may involve more expense or delay than obtaining an extraordinary writ" does not establish that the appellate remedy is inadequate. *Id* at 842. Rather, "[t]he most frequent use [courts] have made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding).

**B. Clear abuse of discretion**

The trial court's order did not provide any details regarding why it denied Enterprise's motion for leave. Todorovic, however, argued to the trial court the motion for leave should be denied for three reasons: (1) Enterprise did not comply with its obligations under TCPR § 33.004(d), (2) USBP's immunity from suit precludes Enterprise from designating it as a responsible third party, and (3) Enterprise did not timely file its motion for leave under the parties' agreed scheduling order. Enterprise argues none of these arguments are a valid basis for the trial court to have denied its motion, and, therefore, it clearly abused its discretion. We agree with Enterprise.

### (1) *Enterprise complied with its obligations under § 33.004(d)*

Todorovic argues the trial court did not clearly abuse its discretion because Enterprise did not timely disclose USBP as a potential responsible third party in accordance with § 33.004(d) of the TCPR. Specifically, it claims § 33.004(d) precludes a defendant from designating an entity a responsible third party if the defendant failed to identify that entity before the statute of limitations applicable to plaintiff's claims expired. Enterprise responds that § 33.004(d) does not apply in this case because Todorovic did not serve Enterprise with the original petition until after the statute of limitations had expired. We agree with Enterprise.

The Texas proportionate responsibility statute provides a mechanism for apportioning percentages of responsibility when calculating damages for a cause of action based in tort in which more than one person or entity (including the plaintiff) is alleged to have caused or contributed to causing the harm for which the recovery of damages is sought. TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.002(a)(1), 33.003; *In re MAF Industries, Inc.*, No. 13-20-00255-CV, 2020 WL 6158248, at *3 (Tex. App.—Corpus Christi-Edinburg Oct. 19, 2020) (orig. proceeding)

4

(mem. op.). A defendant, therefore, is permitted to designate a person or entity as a responsible third party by filing a motion for leave to designate with the trial court "on or before the 60th day before the trial date . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). § 33.004(d), however, precludes a defendant from designating a responsible third party after the applicable statute of limitations has expired if the defendant has "failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure."

Here, both of Todorovic's claims are governed by a two year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Morrison v. Brewster and Mayhall*, 773 S.W.2d 607, 609 (Tex. App.—El Paso 1989, no pet.) ("The applicable statute of limitations in dealing with negligence actions is two years . . . ."); TEX. BUS. & COM. CODE ANN. § 17.565 (stating that all actions brought under the Deceptive Trade Practices Act "must be commenced within two years" after the date of accrual). Further, both parties appear to be proceeding on the assumption that Todorovic's claims accrued on July 27, 2016, when he was arrested by USBP. Consequently, all of the statutes of limitation applicable to this lawsuit expired on July 27, 2018.

Enterprise, however, was not served with the original petition until August 2, 2018; almost a week *after* the statute of limitations expired. Further, though the applicable Texas Rule of Civil Procedure has since been amended, at the time, Enterprise's response to Todorovic's request for disclosure was not due until 50 days after Enterprise was served. *See* TEX. R. CIV. P. 194.3(a) (2020) (a defendant served with a request before the defendant's answer is due need not respond until 50 days after service of the request) (current version at TEX. R. CIV. P. 194.2(a)). Consequently, Enterprise had no obligation to disclose any potential third parties until September 2018; several months after the statutes of limitation had expired. And the Texas Supreme Court

5

has recently held that § 33.004(d) does not deprive a defendant of its right to designate a responsible third party when its obligation to disclose arises after expiration of the applicable statute of limitations. *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 786-87 (Tex. 2020) (per curiam) ("Because a timely disclosure in accordance with the Texas Rules of Civil Procedure is all that is required of the defendant under the statute, requiring an earlier disclosure in suits filed mere days before the expiration of the statute of limitations is repugnant to the statutory language, unfairly burdens defendants, and skews the legislatively determined balance of interests. Accordingly, we conclude that § 33.004(d) did not deprive Mobile Mini of its statutory right to designate Nolana as a responsible third party.").

Todorovic also argues that § 33.004(d) precludes Enterprise from designating USBP as a responsible third party because it served its responses to the requests for disclosure almost a year late. Specifically, Enterprise's disclosures that were due in September 2018 (50 days after it was served on August 2) were not served until August 19, 2019. Our sister courts of appeal that have considered this issue, however, have found "a defendant's discovery conduct occurring *solely* after the expiration of the plaintiff's limitations period against the responsible third party is immaterial to the issue of timely disclosure for purposes of Section 33.004(d)." *In re MAF Industries Inc.*, 2020 WL 6158248, at *5; *In re Bertrand*, 602 S.W.3d 691, 706 (Tex. App.—Fort Worth 2020) (orig. proceeding) (same); *In re Bustamante*, 510 S.W.3d 732, 736-38 (Tex. App.—San Antonio 2016) (orig. proceeding). Because Todorovic provides no argument why we should depart from our sister court's interpretation of § 33.004(d), we adopt the holdings of the *MAF Industries, Bertrand, and Bustamante* courts. As a result, because Enterprise's late responses to Todorovic's requests for disclosure occurred *solely* after the expiration of the applicable statutes of limitation, it is immaterial to § 33.004(d).

6

For these reasons, we hold § 33.004(d) did not deprive Enterprise of its right to designate USBP as a responsible third party. And the trial court clearly abused its discretion in denying its motion for leave.

### (2) *USBP's immunity does not preclude it from being designated as a responsible third party*

Todorovic argued to the trial court that USBP could never qualify as a responsible third party because as an agency of the federal government it was immune from suit. "Under the proportionate-responsibility statute," however, "'responsibility' is not equated with 'liability.'" *Mobile Mini*, 596 S.W.3d at 787 (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 868 (Tex. 2009)). In other words, a "defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both." *Id.* (quoting *Galbraith Eng'g*, 290 S.W.3d at 868-69.) As a result, the trial court clearly abused its discretion to the extent it relied on USBP's immunity from suit to deny Enterprise's motion for leave.

### (3) *Enterprise timely filed its motion for leave*

The final argument Todorovic made to the trial court in support of its objection to Enterprise's motion for leave was the motion was filed late. He argues that under the agreed scheduling order Enterprise was required to file its designation of responsible third parties by January 16, 2023; but its motion was not filed until January 17. Todorovic's argument is without merit.

It is undisputed in the mandamus record that Enterprise served Todorovic with and electronically filed its motion for leave with the trial court on January 16. But January 16 was Martin Luther King, Jr day; a legal holiday. Consequently, under Texas Rule of Civil Procedure

7

the motion was deemed filed the next day; January 17. *See* TEX. R. CIV. P. 21(f)(5)(A) ("if a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday . . . . "). Todorovic argues this legal technicality makes Enterprise's filing late. Rule 4 of the Texas Rules of Civil Procedure, however, states that in "computing any period of time prescribed or allowed by these rules, *by order of court,* or by any applicable statute . . . [t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday." TEX. R. CIV. P. 4 (emphasis added). The January 16 deadline to designate a responsible third party was set by an order of the court; the agreed discovery control plan and scheduling order. As a result, by its plain language, Rule 4 applies. And the deadline for Enterprise to move for leave to designate a responsible third party was January 17. Enterprise's motion, therefore, was timely filed.

For the first time on appeal, Todorovic argues the language of the agreed discovery control plan and scheduling order required Enterprise to file its motion for leave at least 15 days before the January 16 deadline. "Complaints and arguments on appeal must correspond with the complaint made at the trial court level." *Ridge Natural Resources, LLC v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 121 (Tex. App.—El Paso 2018, no pet.). "It is improper to enlarge a ground of error or expand an issue on appeal to encompass matters that were not before the trial court." *Id.* Consequently, we decline to address Todorovic's argument regarding the language of the agreed discovery control plan and scheduling order.

Having found that none of Todorovic's positions were valid reasons for the trial court to deny Enterprise's motion for leave to designate USBP a responsible third party, we hold the trial court clearly abused its discretion.

### C. No adequate appellate remedy

Having found the trial court clearly abused its discretion, we must next consider whether Enterprise has an adequate appellate remedy. *In re Columbia Med. Ctr*, 290 S.W.3d at 207. In *In re Coppolla*, 535 S.W.3d 506, 509 (Tex. 2017) the Texas Supreme Court stated that "[a]llowing a case to proceed to trial despite [an] erroneous denial of a responsible third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record'" Consequently, "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion." *In re Coppolla*, 535 S.W.3d at 510. We, therefore, hold Enterprise does not have an adequate appellate remedy.

## CONCLUSION

The Court, having examined and considered the petition for a writ of mandamus, Todorovic's response, the mandamus record, and the applicable law, concludes that Enterprise has met its burden to obtain relief. Therefore, we conditionally grant Enterprise's petition for a writ of mandamus and direct the trial court to vacate its order denying the motion for leave to designate a responsible third party. The writ will issue only if the trial court fails to act in accordance with this opinion.

YVONNE T. RODRIGUEZ, Chief Justice

June 16, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.
Palafox., J., concurring

9