

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-23-00081-CV |
| EAN HOLDINGS, LLC d/b/a ENTERPRISE RENT-A-CAR, | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relator. | § | |
| | § | |

### SUBSTITUTED OPINION

We withdraw our opinion and judgment of June 16, 2023, and substitute the following opinion.[1] Real-Parties-in-Interest Milan Todorovic and N-COM, Inc.'s motion for rehearing is denied.[2]

In this mandamus proceeding, Relator EAN Holdings, LLC d/b/a Enterprise Rent-A-Car (Enterprise) asks us to direct the Honorable Francisco X. Dominguez, Presiding Judge of the 205th Judicial District Court of Hudspeth County, to grant its motion to designate the United States Border Patrol (USBP) as a responsible third party under Texas Civil Practice and Remedies Code Chapter 33. We conditionally grant mandamus relief.

### BACKGROUND

---

[1] Former Chief Justice Yvonne T. Rodriguez drafted the original opinion. As she is no longer on the Court, the panel for this opinion includes Chief Justice Jeff Alley in her place. The other two panel members remain the same.

[2] Todorovic and N-COM, his employer, will be referred to jointly as Todorovic.

Todorovic was arrested by USBP at its checkpoint near Etholen, Texas on July 27, 2016. Todorovic filed suit against Enterprise on July 13, 2018, alleging that its negligence in renting him a car containing illegal narcotics caused his arrest. Todorovic later added a claim under the Texas Deceptive Trade Practices—Consumer Protection Act. Enterprise was served with Todorovic's original petition on August 2, 2018.

Todorovic's original petition included a request that Enterprise "disclose, within 50 days of the service of this request, the information or material described in Rule 194.2." Enterprise served its responses on August 19, 2019, almost a year late. Relevant here is Enterprise's disclosure regarding the identity of any potential responsible third parties:

> (h)    the name, address, and telephone number of any person who may be designated as a responsible third party.

> **RESPONSE:**    Unknown John Doe/Jane Doe, no address or phone number known. No identifying information known.

Enterprise supplemented its disclosures on January 16, 2023, identifying USBP as a potential responsible third party. That same day, Enterprise filed a motion for leave to designate USBP as a responsible third party under Texas Civil Practice and Remedies Code Chapter 33. Because January 16 was a legal holiday, the motion was deemed filed on January 17.

On January 23, 2023, the parties agreed to a discovery control plan and scheduling order (scheduling order) setting January 16, 2023 as the deadline to designate responsible third parties. The trial court judge signed the scheduling order on January 27.

Todorovic filed objections to Enterprise's motion for leave to designate USBP as a responsible third party. The trial court held a hearing on the motion and summarily denied it. This mandamus proceeding followed.

## ANALYSIS

Enterprise presents a single issue, contending the trial court clearly abused its discretion by denying Enterprise's motion for leave to designate USBP as a responsible third party.

## A. Standard of review

Generally, mandamus will issue only to correct a clear abuse of discretion, or the violation of a duty imposed by law, and when an adequate remedy by appeal does not exist. *In re Columbia Med. Ctr. Of Las Colinas, Subsidiary*, *L.P.*, 290 S.W.3d 204, 207 (Tex. 2009); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839. Further, because "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts[,] . . . a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* at 840.

## B. Clear abuse of discretion

The trial court's order did not state why Enterprise's motion for leave to designate responsible third party was denied. Todorovic argued that the motion should be denied because: (1) Enterprise did not comply with Texas Civil Practice and Remedies Code § 33.004(d); (2) USBP's immunity from suit precluded it from being designated as a responsible third party; and (3) Enterprise did not timely file its motion. Enterprise argues that no valid basis to deny its motion was presented, and thus the trial court clearly abused its discretion. We agree with Enterprise.

### (1) Enterprise complied with § 33.004(d).

Todorovic argues that Enterprise did not timely disclose USBP as a potential responsible third party. More specifically, Todorovic contends that Texas Civil Practice and Remedies Code § 33.004(d) precludes designation of a person as a responsible third party if the defendant failed to identify that person before the statute of limitations expired. Enterprise argues that § 33.004(d)

does not apply here, as Enterprise was not served with the original petition until after limitations had expired.

The Texas proportionate responsibility statute provides a mechanism for apportioning damages based on percentages of responsibility in tort cases where there is evidence that more than one person contributed to causing the harm. Tex. Civ. Prac. & Rem. Code Ann. §§ 33.002(a)(1), 33.003; *In re MAF Industries, Inc.*, No. 13-20-00255-CV, 2020 WL 6158248, at *3 (Tex. App.—Corpus Christi-Edinburg Oct. 19, 2020, orig. proceeding) (mem. op.). Under § 33.004(a), a defendant may designate a person as a responsible third party by filing a motion for leave to do so "on or before the 60th day before the trial date." Section 33.004(d), however, precludes a defendant from designating a responsible third party after limitations has expired if the defendant has "failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure."

Here, both of Todorovic's claims are governed by a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Morrison v. Brewster and Mayhall*, 773 S.W.2d 607, 609 (Tex. App.—El Paso 1989, no pet.) (limitations for negligence claim is two years); Tex. Bus. & Com. Code Ann. § 17.565 (limitations for Deceptive Trade Practices Act claim is two years). Further, the parties both assume Todorovic's claims accrued on July 27, 2016, when USBP detained him. Thus, all relevant statutes of limitations expired on July 27, 2018.

Enterprise, however, was not served with the original petition until August 2, 2018, almost a week *after* limitations expired. Further, although the applicable rule of civil procedure has since been amended, a response to Todorovic's request for disclosure was not due until 50 days after Enterprise was served. *See* Tex. R. Civ. P. 194.3(a) (2020) (defendant served with request for disclosure before answer is due need not respond until 50 days after service of request) (current

4

version at Tex. R. Civ. P. 194.2(a)). Thus, Enterprise had no obligation to disclose any potential responsible third parties until September 2018, several months after limitations had expired. The Texas Supreme Court has held that § 33.004(d) does not deprive a defendant of its right to designate a responsible third party when its obligation to disclose arises after expiration of limitations. *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 786–87 (Tex. 2020) (per curiam) ("Because a timely disclosure in accordance with the Texas Rules of Civil Procedure is all that is required of the defendant under the statute, requiring an earlier disclosure in suits filed mere days before the expiration of the statute of limitations is repugnant to the statutory language, unfairly burdens defendants, and skews the legislatively determined balance of interests. Accordingly, we conclude that § 33.004(d) did not deprive Mobile Mini of its statutory right to designate Nolana as a responsible third party.").

Todorovic also argues that § 33.004(d) precludes Enterprise from designating USBP as a responsible third party because Enterprise served its disclosures almost a year late. Enterprise's disclosures were due in September 2018 but not served until August 2019. Our sister courts of appeals who have considered this issue, however, have found that a defendant's discovery conduct occurring *solely* after expiration of the plaintiff's limitations period against the responsible third party is immaterial to the issue of timely disclosure for purposes of Section 33.004(d). *In re MAF Industries Inc.*, 2020 WL 6158248, at *5; *In re Bertrand*, 602 S.W.3d 691, 706 (Tex. App.—Fort Worth 2020, orig. proceeding); *In re Bustamante*, 510 S.W.3d 732, 736–38 (Tex. App.—San Antonio 2016, orig. proceeding). Because Todorovic provides no argument why we should depart from our sister courts' interpretation of § 33.004(d), we adopt the holdings of *MAF Industries*, *Bertrand*, and *Bustamante*. As a result, because Enterprise's late response to Todorovic's requests for disclosure occurred after expiration of the applicable statutes of limitations, its lateness is

immaterial under § 33.004(d).

For these reasons, we hold § 33.004(d) did not deprive Enterprise of its right to designate USBP as a responsible third party, thus the trial court clearly abused its discretion to the extent it relied on § 33.004(d) to deny Enterprise's motion for leave to do so.

### (2) USBP's immunity does not preclude its designation as a responsible third party.

Todorovic argued in the trial court that USBP did not qualify as a responsible third party because it is an agency of the federal government and thus immune from suit. But as Enterprise points out, "'responsibility' is not equated with 'liability'" under the proportionate-responsibility statute. *Mobile Mini*, 596 S.W.3d at 787 (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009)). That is, a defendant "may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both." *Id.* (quoting *Galbraith Eng'g*, 290 S.W.3d at 868–69.) As a result, the trial court clearly abused its discretion to the extent it relied on USBP's immunity to deny Enterprise's motion for leave.

### (3) Enterprise timely filed its motion for leave.

Todorovic argues that Enterprise's motion for leave was untimely filed. Under the scheduling order, the deadline was January 16, 2023. The motion was in fact filed electronically on January 16, but because that day was a legal holiday, Texas Rule of Civil Procedure 21 deemed the motion filed on January 17. *See* Tex. R. Civ. P. 21(f)(5)(A) ("[I]f a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not [such a day]."). As a result, Todorovic argues, the filing was untimely because under Texas Rule of Civil Procedure 4 only deadlines based on a stated number of days (e.g., "50 days after service")—and not deadlines based on a fixed calendar date (e.g., "January 16, 2023")—are extended when they fall

6

on a weekend or holiday.[3] In support of this argument, Todorovic points to the text of Rule 4 and caselaw construing its federal counterpart, Federal Rule of Civil Procedure 6. We consider both.

### (a) Texas Rule of Civil Procedure 4

Rule 4 provides in relevant part that:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

Todorovic argues that this "unambiguous, plain language" dictates that only deadlines based on a stated number of days—and not deadlines based on fixed calendar dates—are extended if they fall on a weekend or holiday. But Rule 4 draws no such distinction. Rather, it includes two relevant provisions for "computing" time: (1) the day, event, or default after which a designated period begins is not included; and (2) if the period ends on a weekend or holiday, the period runs until the next business day.[4] While the first provision may have no bearing on fixed-date deadlines, that does not mean one should assume the second provision does not apply to such deadlines. Further, Enterprise points out the central problem with making such an assumption about the second provision. Rule 21 extends *all* weekend/holiday filings to the next business day. Thus, construing Rule 4 to extend only *some* weekend/holiday deadlines to the next business day generates the eyebrow-raising possibility that a deadline might fall—like the one at issue here

---

[3] Todorovic also argues that the deadline at issue was part of a Rule 11 agreement, and "[t]he Rule 11 agreement is an enforceable contract, which is noticeably absent from inclusion in the language of Rule 4." That is, Todorovic contends that time periods in Rule 11 agreements do not fall under Rule 4's language "any period of time prescribed or allowed by these rules, by order of court, or any applicable statute." We disagree. Because enforceability of a deadline in a Rule 11 agreement derives from Rule 11—one of "these rules" referenced by Rule 4—such a deadline is "prescribed or allowed by these rules." We express no opinion as to whether deadlines in other types of agreements might be treated differently, whether the deadline at issue was in fact part of a valid Rule 11 agreement, or whether the deadline at issue might fall under Rule 4 for other reasons.

[4] A third such provision, not relevant here, involves computing time for periods of five days or less.

did—on a day on which no document can be filed to meet the deadline.

Todorovic cites no authority holding that Rule 4's weekend/holiday provision does not apply to fixed-date deadlines. Nor could we find any. Conversely, Enterprise cites three cases that squarely—if summarily—hold that this provision *does* apply to fixed-date deadlines. *See Crutcher v. City of Fort Worth*, 2023 WL 3451058 (Tex. App.—Dallas May 15, 2023, pet. denied) (mem. op.), *In re K.T.S.N.*, 2022 WL 96737 (Tex. App.–Houston [1st Dist.] Jan. 11, 2022, pet. denied) (mem. op.), and *In re X.J.R.*, 2021 WL 112175 (Tex. App.–San Antonio Jan. 13, 2021, pet. denied) (mem. op.).

### (b) Federal Rule of Civil Procedure 6

Up to 2006, Federal Rule 6 contained computation-of-time provisions virtually identical to the current Rule 4.[5] At that time, a split in authority existed as to whether Federal Rule 6 applied to fixed-date deadlines. Todorovic advocates the approach taken by *Violette v. P.A. Days, Inc.*, 427 F.3d 1015 (6th Cir. 2005), the lead case on one side of the split, which held that "[b]y its plain language," Federal Rule 6 "applies to the relatively common situation in which litigants are required to file papers within a given number of days following a particular event or order," and "does not address situations where litigants are required to file papers on a particular, stated, calendar date." 427 F.3d at 1017–18. We find this "plain language" approach less than compelling, though, given that the same language had years earlier been interpreted to mean the opposite in *In re American Healthcare Mgmt.*, 900 F.2d 827 (5th Cir. 1990), the lead case on the other side of

---

[5] The 2006 version of Federal Rule 6 provided in relevant part as follows:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

8

the split.[6]

*American Healthcare*, in turn, noting that Federal Rule 6 should be "liberally and realistically construed," 900 F.2d at 831, held that the rule's time-computation provisions apply to fixed-date as well as number-of-days deadlines, reasoning that:

> The clear purpose of the rule is to avoid a forfeiture of rights when a deadline for acting falls on a day on which courts are closed for business. This purpose is met by applying the rule to extend a deadline when the original deadline is a date certain that happens to fall on a legal holiday. There is no legally significant reason for treating such a situation differently from a situation in which a deadline for acting is the sixtieth day following some event and the sixtieth day turns out to be a legal holiday. To conclude that Rule 9006(a)[7] applies in the latter situation but not in the former would truly be assigning significance to a distinction without a difference.

900 F.2d at 831–32 (5th Cir. 1990). We agree with this reasoning, which applies equally to Rule 4. Further, such an approach comports with the liberal construction to be given Rule 4. *See* Tex. R. Civ. P. 1 (explaining that Texas Rules of Civil Procedure are to be given liberal construction to obtain just, fair, equitable, and impartial adjudication of rights); *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 655 (Tex. 2020) (recognizing canons of interpretation apply in light of guiding rule to give liberal construction to Texas Rules of Civil Procedure); *Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770, 772 (Tex. 1992) (per curiam) (liberally construing "legal holiday" to include county holidays for purposes of Rule 4); *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (liberally construing Texas Rule of Civil Procedure 5 to allow deposit into prison mail rather than United States mail); *cf. American Healthcare*, 900 F.2d at 831 (collecting cases that support liberal construction of Federal Rule 6).

---

[6] *Violette*'s "plain language" approach is also belied by later-enacted 2009 amendments to Federal Rule 6, which the Advisory Committee explained were intended "to simplify and clarify the provisions that describe how deadlines are computed." 2009 Advisory Committee Notes, Fed. R. Civ. P. 6. The Notes further specifically clarify that these provisions "do not apply when a fixed time to act is set." *Id.* Had this been clear from the former rule's plain language, neither the 2009 amendments nor the accompanying clarifying notes would have been necessary.

[7] Rule 9006, part of the Bankruptcy Code, is similar to Rule 6. *See In re American Healthcare Mgmt.*, 900 F.2d 827, 831 (5th Cir. 1990).

Further, construing Rule 4 to apply to both fixed-date as well as number-of-days deadlines avoids the potential clash between Rules 4 and 21 which results if the former is construed to permit certain deadlines to fall on a weekend or holiday, given that the latter prevents a party from effectively filing on such a deadline. Todorov himself describes such a scenario as "one party's being ox gored," which we do not believe was the intent of the rules. Accordingly, we conclude that Rule 4 applies to all deadlines prescribed or allowed by the rules. Thus, Enterprise's motion was timely filed.[8]

Lastly, for the first time on appeal, Todorovic argues that the scheduling order required Enterprise's motion to be filed at least 15 days before the January 16 deadline. However, "[c]omplaints and arguments on appeal must correspond with the complaint made at the trial court level," and it is "improper to enlarge a ground of error or expand an issue on appeal to encompass matters that were not before the trial court." *Ridge Natural Resources, LLC v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 121 (Tex. App.—El Paso 2018, no pet.); *see also* Tex. R. App. P. 33.1. We thus decline to address this argument.

Having concluded that Todorovic has failed to identify a valid basis for the trial court to deny Enterprise's motion for leave to designate USBP as a responsible third party, we hold the trial court clearly abused its discretion in denying the motion.

## C. No adequate remedy on appeal

We next consider whether Enterprise has an adequate remedy on appeal. *In re Columbia*

---

[8] Todorovic argues that such a holding will have a "profound impact on procedural jurisprudence statewide" and "risks potentially confusing litigants and courts across the state, while also undermining the discretion of trial courts to control their dockets." However, given that three other courts of appeals have already adopted this approach and no court has adopted a different approach, we do not believe statewide jurisprudence will be disrupted. Further, we believe it would be more confusing were we to create a split in authority rather than adopt the approach already taken by our sister courts of appeals in Houston, Dallas, and San Antonio. Furthermore, we know of no reason (and Todorovic suggests none) why such an approach—which safeguards against inadvertently setting a filing deadline on a date on which no filing can occur—might be viewed as undermining a trial court's discretion to control its docket.

*Med. Ctr*, 290 S.W.3d at 207. In *In re Coppolla*, the Texas Supreme Court held that allowing a case to go to trial despite improper denial of a responsible third party designation would "skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record"; thus, "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion." 535 S.W.3d 506, 509–10 (Tex. 2017). Accordingly, we conclude that Enterprise does not have an adequate remedy on appeal.

## CONCLUSION

For the reasons stated above, we conclude that Enterprise has met its burden to obtain relief. We therefore conditionally grant Enterprise's petition for writ of mandamus and direct the trial court to vacate its order denying Enterprise's motion for leave to designate USBP as a responsible third party and issue an order granting the motion. The writ will only issue if the trial court fails to act in accordance with this opinion.

LISA J. SOTO, Justice

June 12, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Palafox., J., concurring

11